THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN W. NEFF, Defendant.

In the Matter of the Application of JOHN KNIGHT, Appellant; THE COUNTY OF ERIE, Respondent.

CRIMINAL ACTIONS — DISTRICT ATTORNEYS — POWER TO EMPLOY COUNSEL — WHEN TRIAL JUSTICE WITHOUT JURISDICTION TO FIX COMPENSATION. Section 204 of the County Law (L. 1892, ch. 686), providing that "The district attorney of any county in which a capital or other important criminal action is to be tried, with the approval in writing of the county judge of the county, * * * may employ counsel to assist him on such trial; and the costs and expenses thereof, to be certified by the judge presiding at the trial, shall be a charge upon the county in which the indictment is found," is the only source of authority for any district attorney to employ counsel, and a compliance with its terms is necessary in order to confer jurisdiction upon the court to make an order fixing compensation. When, therefore, upon an application for such an order, it appears that the employment was by the district attorney of the county *where the indictment was found,* instead of by the district attorney of the county *in which the action was tried,* a change of venue having been granted, the trial justice has no jurisdiction to grant the application, since the last named district attorney was the only official with authority, under the statute, to employ counsel.

*People* v. *Neff,* 121 App. Div. 44, affirmed.

(Argued February 17, 1908; decided March 3, 1908.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 25, 1907, which affirmed an order of Special Term denying an application for an order fixing the compensation of the appellant herein for services rendered as counsel to the district attorney at a criminal trial.

The facts, so far as material, and the question certified are stated in the opinion.

*John Knight,* appellant, in person. A district attorney has no duties other than those fixed by statute. (*People ex rel. Gardenier* v. *Supervisors,* 134 N. Y. 1; *State* v. *Morrison,* 64 Ind. 111.) It was not the duty of the district attorney of Wyoming county to prosecute or assist upon the prosecution of crimes committed in another county. (*State* v. *Carother,*

1 Greene (Iowa), 464; *People ex rel. Gardenier* v. *Super-visors*, 134 N. Y. 1; *People ex rel. Tripp* v. *Supervisors*, 22 Misc. Rep. 617; *Goudy* v. *State*, 27 Neb. 707; *Doubleday* v. *Broome Co.*, 2 Cow. 533; *People ex rel. Hilton* v. *Super-visors*, 12 Wend. 257; *Hatch* v. *Mann*, 15 Wend. 45; *Merz-bach* v. *Mayor, etc.*, 163 N. Y. 22; *Matter of Palmer*, 21 App. Div. 181.) The district attorney of Erie county, when the indictment was found and signed by him, became the attorney of record for the People in the action, and his rela-tion to the case was not changed by the change of venue. (Code Crim. Pro. § 274.) The employment of appellant by the district attorney of Erie county was authorized by the County Law (L. 1892, ch. 686).

*Thomas A. Sullivan* for respondent. The Appellate Divi-sion properly upheld the ruling of the trial justice that he had no power to fix any compensation to be paid the appel-lant. (L. 1892, ch. 686, § 204.) It was the duty of the dis-trict attorney of Wyoming county to prosecute this action. (*Grady* v. *State*, 27 Neb. 707.)

WERNER, J. The question certified to this court is whether the appellant, John Knight, was entitled to an order from the justice presiding at the trial of this case fixing Knight's compensation for services rendered therein. The facts out of which this controversy arose are as follows: The defendant Neff, then county auditor of Erie county, had been indicted in that county in January, 1906, for the crime of grand larceny. Upon his application, in or about the month of June, 1906, the place of trial of the indictment was changed from Erie county to Wyoming county. The appel-lant Knight was then the district attorney of Wyoming county. With the approval of the county judge of Erie county, the district attorney of the latter county retained the appellant to assist him in the trial of the case. The trial was had in Wyoming county. The appellant and other local counsel assisted the Erie county district attorney in the trial although the Erie county district attorney practically took

charge of the trial and assumed the conduct thereof. Subsequent to the trial the appellant made this application to the justice who presided at the trial to have his compensation fixed for his services and disbursements. The learned trial justice denied the application solely upon the ground of lack of power and the Appellate Division has affirmed his determination.

The trial judge and the Appellate Division have favored us with opinions which, while differing in detail, agree that the rights and duties of district attorneys in respect to criminal prosecutions which have been removed from one county to another are involved in doubt and uncertainty. To some extent this uncertainty has been occasioned by the repeal of certain important provisions of the earlier statutes bearing upon the subject generally, and the failure to re-enact similar provisions. Until the adoption of the County Law in 1892 (Ch. 686), the Revised Statutes provided : " It shall be the duty of every district attorney to attend the courts of oyer and terminer and jail delivery, and general sessions, to be held from time to time, in the county for which he shall have been appointed; and to conduct all ·prosecutions for crimes and offenses cognizable in such courts." (1 R. S. 383, § 89.) This provision was repealed by the repealing clause of the County Law, and while certain sections of the Code of Criminal Procedure and other statutes prescribe the duties of district attorneys in special cases, there seems to be no existing statute declaring their general duties. The quoted section of the Revised Statutes, it will be observed, only related to certain specified courts of criminal jurisdiction. These were the Courts of Oyer and Terminer and General Sessions. By another section of the statute it was provided that when an indictment was removed by certiorari from the former Court of Oyer and Terminer into the Supreme Court, and by the latter court sent down for trial, it should be tried at the proper Circuit Court in the same manner as civil cases, " by the district attorney of the county in which the same was found." (2 R. S. 733, § 84.) This provision has also been repealed. (L. 1886, ch. 593, § 1, subd. 4, repealing R. S. art. 3, tit. 4,

ch. 2, part 4.) If this last-mentioned provision of the earlier statutes had remained in force, we should be inclined to hold that it was not the duty of the appellant to conduct this prosecution, and that it was solely the duty of the prosecuting officer of Erie county to do so. Logically it would seem to follow that if it was not within the scope of the appellant's duty to conduct the prosecution herein, he would be entitled to compensation, for a district attorney in this state has no common-law duties, but only such as are imposed upon him by statute. (*People* v. *Corning*, 2 N. Y. 1, 18.) All this, however, is merely by way of explanation or suggestion that the courts are without power in the premises. The difficulty which has arisen out of the repeal of the early provisions of the Revised Statutes is one to be cured by legislation rather than judicial decision, and, since this particular case must be disposed of upon another point, we shall not attempt to decide the question whether it was the duty of the appellant, or of the district attorney of Erie county to conduct the prosecution.

So far as the appellant's claim in this proceeding is concerned, it does not matter what his duties were, for we are of opinion that the procedure followed conferred no jurisdiction upon the justice presiding at the trial to fix the amount of any compensation to the appellant. Section 204 of the County Law provides : " The district attorney of any county in which a capital or other important criminal action *is to be tried*, with the approval in writing of the county judge of the county, which shall be filed in the office of the county clerk, may employ counsel to assist him on such trial; and the cost and expenses thereof, to be certified by the judge presiding at the trial, shall be a charge upon the county in which the *indictment is found.*" This section is the only source of authority for any district attorney to employ counsel, and a compliance with its terms is necessary in order to confer jurisdiction upon the court to make an order fixing the compensation of such counsel. It will be observed that this section provides that the district attorney of the county in which the action " is to be tried," with the approval of the county judge, may employ

counsel, and the expense thereof is to be charged upon the county "where the indictment is found." This record discloses that the district attorney of the county *where the indictment was found* employed the appellant as counsel with the approval of the county judge of that county. The plain terms of the statute, on the contrary, grant such authority only to the district attorney of the county *in which the action is to be tried.* This action was tried in Wyoming county of which the appellant was district attorney. In view of this failure to comply with the plain command of the statute, the trial justice was clearly without jurisdiction to grant this application and he properly so decided.

It may be proper to observe in conclusion that while section 204 of the County Law seems to indicate that the district attorney of the county to which a criminal prosecution is removed is required to conduct the trial and employ counsel, we do not believe that this practice is best calculated to subserve public interests. The district attorney of the county in which the indictment is found must necessarily be more familiar with the facts upon which an indictment is procured, and he, in our judgment, is the person generally best equipped to secure and present the evidence against the accused. It is obvious also that the prosecuting officer of a county to which a criminal trial is removed has usually knowledge of local conditions which may be quite essential to a proper trial. It should, therefore, be within the power of the district attorney of the county where the indictment is found to call upon the district attorney of the county to which the trial is removed to assist him in the trial. But these are questions, as we have suggested, which must be addressed to the wisdom of the legislative branch of the government, and they seem to call for some immediate action by that body.

The order should be affirmed, without costs, and the question certified answered in the negative.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WILLARD BARTLETT and HISCOCK, JJ., concur.

Order affirmed.