In the Matter of MILES F. McDONALD, as District Attorney of Kings County, Petitioner, against LOUIS GOLDSTEIN, Individually and as a County Judge of Kings County, et al., Respondents.

Supreme Court, Special Term, Kings County, February 16, 1948.

*Miles F. McDonald, District Attorney* (*Solomon A. Klein* of counsel), petitioner in person.

*John W. Davis, Louis A. Tepper* and *William R. Meagher* for respondents.

HILL, J. The Kings County Judges adopted the following calendar rule on December 16, 1947: " Calendar Rule. All cases shall be placed by the Clerk on the Part I calendar. The Judge presiding at Part I of the County Court, Kings County, shall assign cases for trial or other disposition to the other parts of the Court."

Under date of December 29, 1947, the Honorable LOUIS GOLD-STEIN, one of the Judges of the Kings County Court, addressed the following communication to the District Attorney of Kings County:

" Dear Mr. McDonald: Please be advised that the Board of Judges of this court has resolved by a rule of Court, duly adopted by it, that henceforth the Trial Calendar will be made up and administered by the Court itself. This, of course, includes the designation of the Judge to preside over the trial or disposition of each specified case.

The Board has also decided that, before this rule begins to affect the many cases which will come within its scope, the District Attorney should be afforded the fair opportunity that he has requested, to test the power of the Court to take the action indicated.

Therefore, as the Judge presiding over Part I and pursuant to the aforementioned rule, I shall, on the 3rd day of January, 1948, duly assign the case of the People of the State of New York, Plaintiffs, vs. Clara Henderson, Defendant, Indictment #2294/1947 to Part II, before the undersigned, for trial or disposition, on the 12th day of January, 1948. The Court on that day will hear any applications for continuance in the event either party is not ready to proceed.

(Signed)   LOUIS GOLDSTEIN
County Judge, Kings County."

The District Attorney now moves for an order prohibiting the Honorable Louis Goldstein, individually and as County Judge of Kings County, and the County Court of Kings County, to desist and refrain from assigning a case therein pending for trial or disposition in Part II of the County Court to himself.

The parties to this motion agree that the question to be decided is this: "Does the District Attorney of Kings County have the authority to select the County Judge to preside over each trial?"

The District Attorney for some time past has selected the judge in each case by moving indictments for trial directly to the several parts of the court. The rule above mentioned changes that practice by placing all of the cases on the Part I Calendar where they will be assigned to the various parts for trial. The rule is not intended to nor does it give to the Judges the right or power to place cases on the calendar for trial — but, when moved, it gives them the right and power to determine before whom each shall be tried.

The motion will be considered as a question of power; not one of policy.

The District Attorney is charged with the responsibility, and it is his duty to "conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he shall have been elected" (County Law, § 200, subd. 4). An official designated in section 5 of article IX of the State Constitution, he is attorney for the People in all criminal proceedings. He is a quasi-judicial officer and, as such, shall act impartially (*People* v. *Fielding*, 158 N. Y. 542; *People* v. *Neff*, 121 App. Div. 44). The District Attorney's duties are important within the State judicial system. It is his duty to conduct criminal investigations; wait upon the grand jury; call witnesses to testify before the grand jury; prepare indictments when true bills are returned by the grand jury; prepare criminal cases for trial before the various courts including the County Court, call witnesses and present evidence in open court and do everything necessary to convict those guilty of crimes and offenses. In his official capacity he has the power to withhold prosecution forever. He need not move a case for trial, but, when moved, he still retains control for certain purposes. A plea for a lesser crime than charged cannot be accepted by the court without the consent of the District Attorney (*Matter of McDonald* v. *Sobel*, 272 App. Div. 455, affd. 297 N. Y. 679). This generally outlines the District Attorney's duties. In other words, he acts as attorney for the People (the State) in criminal matters within his county.

The County Judges have definite duties, also, within the judicial system of the State. They are constitutional judicial officers (N. Y. Const., art. VI, § 11). The County Court of Kings County is a court of limited jurisdiction vested with jurisdiction in criminal matters only (N. Y. Const., art. VI, § 11). But when jurisdiction shall have been acquired it has the same powers as the Supreme Court (Civ. Prac. Act, § 69). It is a court of record (Judiciary Law, § 2). The court has the power and the responsibility of regulating trials; to sentence those convicted of crimes; grant adjournments, hear and determine motions to dismiss indictments for failure of proof; dismiss indictments on motion of the District Attorney; to dismiss indictments for failure to prosecute, and on its own motion (Code Crim. Pro., §§ 668, 671). The County Court of Kings County is divided into two parts (Code Crim. Pro., § 42), presided over by five judges, at such times and places as the judges shall designate (Judiciary Law, § 190; *Matter of People ex rel. Woodin* v. *Ottaway*, 129 Misc. 120, affd. 222 App. Div. 711, affd. 247 N. Y. 493; Code Crim. Pro., § 45) and the court has power to make rules for the conduct of its business.

Some of the allegations made by the District Attorney on this motion are very serious, having to do with the administration of justice. He alleges that when he took office January 1, 1946, the practice then prevailing was as follows:

"The district attorney prepared a calendar for each day for the various parts of the County Court. If cases were not disposed of by plea or trial on the day set, they were either carried over for a later day or were marked off the calendar by the court. The practice of marking the case off the calendar was usually followed by the County Judges, particularly when the case was of a type which they did not care to try. It thus frequently happened that cases would be shuttled back and forth from the calendar of one judge to that of another and would appear on the calendar as many as twenty times before being reached for trial. In addition, when a case appeared on the calendar before a judge with a reputation for severity numerous excuses would be offered by counsel for the defendant as to why he could not proceed to trial, with the hope that the case would later appear on the calendar of a more lenient judge. Such shopping for favorable judges, coupled with the practice of the judges to mark off cases they preferred not to try, resulted in prolonged delay and interference with the district attorney's duty to conduct all prosecutions for crimes and offenses cognizable by the courts of the county. It also created a condition

which was obviously inimical to the best interest of the true administration of justice.

"Your deponent therefore caused a thorough study to be made of the practice and devised new methods, the main features of which are as follows:

"The calendar of cases to be tried is prepared at the beginning of each term of court. It generally consists of ten cases in each part designated as the ready calendar and ten additional cases designated as the reserve calendar * * *.

"In preparing the calendar, your deponent necessarily gives consideration to many controlling facts and surrounding circumstances known only to the district attorney — the most important of which the Judges of the County Court are not permitted to know in advance of trial. Thus, in determining what cases should be prosecuted, and if so, when, where, and the order in which they should be moved for trial, consideration is given, among other things * * *."

Then follows twelve reasons, among which are included "the availability of trial judges because of illness or because of vacations, and the unavailability of a judge because of prejudicial remarks made at the time of arraignment, or at the time of fixing bail or committing a material witness, or during the course of a prior trial".

Following the above, the District Attorney, in his affidavit on this motion, states further: "To begin with, in preparing the trial calendars your deponent has always proceeded on the basis that all the Judges of the County Court were of equal integrity, although not of equal experience or diligence, and has been guided only by the duty imposed upon him by law to conduct prosecutions to a speedy conclusion in as efficient and successful a manner as possible."

The District Attorney argues, further, that for fifty-four years the District Attorney of Kings County has regulated the calendars in the Kings County Court — in other words, "selected the judge" to try each case. He argues, further, that the system has worked well, calling attention to the present condition of the calendar. The County Judges undoubtedly welcome the advice of the District Attorney. They may and probably do need his counsel in dealing with the calendar, but advice and counsel do not spell out "control over".

I find no similar case presented to the New York courts. The Legislature did, however, pass a law in 1909 (L. 1909, ch. 542) dealing with the calendar practice in the Court of General Sessions. The law gives to the clerk, under the direction of the

judges, the right to control the calendar in New York County, including the right to place indictments on the calendar for trial. This law was repealed in 1922 (L. 1922, ch. 489). An examination of this law and the reasons stated for its repeal by Governor Miller help us but little on this motion. This law not only gave the judges the power to determine before whom a case should be tried, a power they already had, but it gave them the power to make up the calendar for the district attorney — to decide when a case should be moved. The decisions in this and other jurisdictions do throw some light on the question. Judge CARDOZO, writing for the court in *Landis* v. *North American Co.* (299 U. S. 248, 254-255), said: "Apart, however, from any concession, the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." (Citing cases.)

The Appellate Division, Second Department, in the case of *Matter of Brooklyn Bar Assn.* (223 App. Div. 149) found that the court has an inherent right to control its own calendar.

In *Smith* v. *Keepers* (66 How. Prac. 474, 476), the court said "the court has an inherent power to control its own calendar".

Innumerable cases in this and other jurisdictions can be found to the effect that the courts have inherent power to make rules for the conduct of its business.

The District Attorney takes the position that he has the right, as such, to supervise the judges of the County Court of Kings County. He has proceeded on the basis that all the judges are of equal integrity although not of equal experience and diligence, and he "has been guided only by the duty imposed upon him by law to conduct prosecutions". It is the people's prerogative, not the District Attorney's to say who will preside over the County Court of Kings County. If the people want a lenient judge or a severe one, it is for them to determine, not the District Attorney. Courts must be independent and free from outside supervision, especially by any of the litigants. It can never be the duty or prerogative of the District Attorney to weigh the experience and diligence of the judges before whom he appears as attorney for one of the parties. The decision to select judges to preside over the County Court of Kings County is the prerogative of the people and I think in this case too much emphasis has been placed on the judge, not

enough on the court. After much reflection on the subject, and after due consideration of the persuasive arguments on each side, it is my considered judgment that the Board of Judges of the Kings County Court is clothed with ample prerogative to adopt the calendar rule in question. When a case is marked ready for trial in Part I, neither the District Attorney nor the defendant will know in advance before whom the case will be tried. In a multiple court there can be no vested right on the part of any litigant to select the judge to preside over his trial. If the rule fails of its objective it is for the judges to change it, not the District Attorney. It may be that a supervising judge is needed for the County Court of Kings County; if so, that is a matter for the Legislature, not the District Attorney.

Running through the history of our State and Nation is the theme " the protection of the rights of the individual ". A court dealing with the life and liberty of the people must be free from outside control. Just because Kings County has an honest, efficient and fair District Attorney, and that he will deal with individual rights justly is no guarantee that one less efficient, less honest, less fair, would not use unusual powers to further his own ends, be they political or otherwise. That a judge should ever be burdened with the thought that his assignments depended on the district attorney's appraisal of his court work is unthinkable in American jurisprudence. Ours is " a government of laws and not of men ", as John Adams wrote in the Massachusetts Constitution. The people, on the one hand, and the defendant on the other, in a criminal case, have the right to a trial in a designated court, not before a selected judge.

It follows that the Kings County Court Judges are clothed with power to promulgate the rule which is the subject of this motion. Not only do the Judges have the right to make rules for the assignment of cases but they have no right to delegate that power to the District Attorney.