McAvoy, J.
This is a proceeding brought by the petitioner, city attorney of the City of Norwich, Chenango County, New York, pursuant to article 78 of the Civil Practice Act, seeking a judicial determination that it is the duty and responsibility of *686 the respondent District Attorney of Chenango County, to prosecute crimes and offenses cognizable by the City Court of Norwich, rather than the city attorney. The District Attorney denies such responsibility. No objection has been interposed to the procedure here adopted to determine the issue.
The District Attorney is a constitutional officer (N. Y. Cpnst., art. IX, § 5). However, the Constitution does not attempt to prescribe the functions of that office.
The Legislature, by enactments contained in the County Law, has undertaken to outline the duties of the various District Attorneys of this State. The statute in question is now known as section 700 of the County Law, which provides as follows (subd. 1):
££ It shall be the duty of every district attorney to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he shall have been elected or appointed ’ ’.
The City Court of Norwich is one of the courts of the County of Chenango for which the respondent was elected. This court was created by an enactment of the Legislature known as chapter 812 of the Laws of 1952. Section 40 of article 3 of such act provides that its criminal jurisdiction shall extend to charges of crimes and offenses committed within the territorial limits of the city.
Section 41 of such article states: “ The court shall have the jurisdiction of a court of special sessions, to be exercised under the title of city court, and shall have, in the first instance, exclusive jurisdiction to hear, try and determine any charge of misdemeanor committed within the city. ’ ’
This section further provides that such city court ‘ ‘ shall have exclusive jurisdiction to hear, try and determine all complaints and charges of violations of the city charter, local laws, ordinances and rules and regulations adopted pursuant thereto.”
Certain violations of the city charter, local laws and ordinances may be from time to time designated as misdemeanors or offenses, and hence constitute crimes and offenses cognizable by such city court. These offenses are against the municipal welfare as distinguished from the welfare of the People of the State of New York as a whole.
The question here presented is whether or not the District Attorney has the duty to prosecute any crimes cognizable by the City Court of Norwich, and if so, what crimes.
The Court of Appeals has said: “ In this state, no act or omission is a crime unless some statute of the state makes it so.” (People ex rel. Blumke v. Foster, 300 N. Y. 431, 433; Penal Law, § 22.) (Italics mine.)
The Penal Law defines a 6 £ crime ” as an act or omission forbidden by law (§2), and separates crimes into two classes — *687 felonies and misdemeanors — depending upon the punishment prescribed. A “ felony ” is a crime punishable by death or imprisonment in a State prison, and any other crime is designated as a misdemeanor.
The statute (County Law, § 700) above referred to, as we have observed, makes it the duty of the District Attorney to conduct all prosecutions for crimes and offenses cognizable by the courts of the county.
The Court of Appeals has also held that ‘ ‘ The responsibility is upon him to conduct all prosecutions for crimes triable in his county.” (People ex rel. Gardenier v. Supervisors, 134 N. Y. 1, 5.)
It is obvious that “ crimes ” embrace misdemeanors as well as felonies, and no attempt is made by the statute or the authorities to limit the District Attorney’s responsibility to the prosecuion of felony cases only.
This court is of the opinion that the crimes and offenses referred to in the statute (County Law, § 700), were intended to include only those acts and omissions which are designated as such by the Penal Law of this State or some other State statute. With reference to such violations, the People of the State are directly concerned and their welfare affected. Therefore, we believe it to be the primary duty of the District Attorney on behalf of, and in the name of the People, to prosecute such crimes and offenses in any court of the county for which he was elected or appointed, including the City Court of Norwich.
On the other hand, it is the duty of the city attorney of Norwich to prosecute all complaints or charges involving violations of the city charter, local laws, ordinances, rules or regulations. The charter of said city, chapter 34 of the Laws of 1914 as amended (tit. Ill, § 46) defines the powers and duties of the city attorney as follows:
‘ ‘ The City Attorney shall be and act as the sole legal adviser of the mayor, the common council * * *. He shall, when directed by the common council, prosecute and defend all actions and proceedings by and against the city * * * and perform such other professional services relating to said city as the mayor or the common council may direct. ’ ’
It is therefore apparent that there is nothing in this charter provision placing responsibility for the prosecution of crimes or offenses in violation of any State statute upon such city attorney.
The conclusion herein reached, however, should not be construed as affecting in any manner the right of the District Attorney to exercise his discretion in regulating the manner in which prosecutions for alleged criminal violations shall be initiated. If he is to be charged with the responsibility of prosecution, he *688 should be afforded the opportunity to separate the wheat from the chaff insofar as complaints are concerned, and especially in those instances where the complaints are instituted by private individuals.
It might be well to observe that the District Attorney is a quasi-judicial officer (People v. Fielding, 158 N. Y. 542; Matter of McDonald v. Goldstein, 191 Misc. 863), and as such has wide discretion in the manner in which his duties shall be performed. Unless he “is proceeding or about to proceed without or in excess of jurisdiction” (Civ. Prac. Act, § 1296, subd. 2), such discretion cannot be interfered with by the courts.
If the District Attorney shall fail to faithfully perform the duties of his office, an appropriate remedy is provided under sections 5 and 6 of article IX of the Constitution, which give the Governor power to remove him upon the filing of charges and an opportunity to be heard.
Therefore, this court does not undertake here to compel the District Attorney to assume the duty and responsibility of prosecuting crimes and offenses cognizable by the City Court. We have, in the absence of any objection as to the propriety of this proceeding, attempted to construe the statute and the city charter with reference to his duty to do so.
A more appropriate remedy to determine the question raised would probably have been an action for a declaratory judgment. (See Dun & Bradstreet v. City of New York, 276 N. Y. 198, 206.) If the parties hereto so stipulate, it may be considered as such and a judgment entered accordingly.