Sidney Squire, J.
The defendant- moves to dismiss the amended claim herein because said pleading does not sejt forth a cause of action against the defendant.
Claimant’s first pleading, his claim, had been dismissed (20 Mise 2d 818) with permission to serve an amended pleading, now under attack, The factual background of claimant’s unfortunate predicament is set forth in said, opinion,
*936 The gravamen of claimant’s cause of action, as alleged in this second pleading, is that certain ‘ ‘ false, misleading and incompetent evidence was intentionally and maliciously assembled and presented by representatives of The State of New York with intent to procure the conviction of claimant regardless of his actual innocence ” and that the “ representatives ” of the State were the District Attorney of New York County and his assistants who “ wrongfully procured the indictment, conviction and sentence of claimant ” for which the State should be liable.
The amended claim alleges no valid cause of action against the State of New York because the District Attorney of New York County and his assistants are not officers or employees of the State. • (Ritter v. State of New York, 283 App. Div. 833 [3d Dept., March, 1954].) Each of them is a “ local officer ” (Public Officers Law, § 2), more particularly, a county officer.
The County Law contains appropriate provisions for the tortious liability of a county (§53) and the presentation of any claim therefor (§ 52). Although it is usually not our practice to suggest the identity of the proper defendant, claimant should consider the liability of the City of New York for the acts of officers of the five counties (including New York County) comprising said city.
The amended claim is dismissed as a matter of law. Short-form order sigued.