ISIDORE ZIMMERMAN, Plaintiff, *v.* CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, December 9, 1966.

*J. Lee Rankin, Corporation Counsel (Jack Cherrill* and *Irwin H. Haupt* of counsel), for City of New York, defendant. *Harry H. Lipsig* for plaintiff.

THOMAS C. CHIMERA, J. This is a motion by the defendant, the City of New York, to dismiss the complaint against it on the ground that each of the causes of action is insufficient in law.

The action is for false arrest and imprisonment, malicious prosecution, conspiracy, and an unidentifiable cause of action sprinkled with allegations of false accusation against plaintiff.

Broadly stated, plaintiff complains that certain false, misleading and incompetent evidence was intentionally and maliciously assembled and presented by representatives of the County of New York with intent to effect plaintiff's arrest and to procure his conviction and imprisonment regardless of plaintiff's actual innocence, and, that the '' representatives '' of said county were the District Attorney and his assistants (including a New York City police officer assigned to the District Attorney's office) all of whom wrongfully effected the arrest and procured the indictment, conviction, sentence and imprisonment of said plaintiff. Specifically — that there was actual concealment of evidence by an Assistant District Attorney of the County of New York in the criminal prosecution against plaintiff — for all of which the City of New York should be held liable.

The record reveals and it is uncontradicted that in 1937, plaintiff, by order of an Assistant District Attorney of New York County, was arrested and, with four others, charged with murder. He was indicted, subsequently tried and convicted and sentenced to death (*People* v. *Zimmerman,* 279 N. Y. 707); later his sentence was commuted to life imprisonment.

In 1959, plaintiff's application in the nature of *coram nobis* was denied. The denial was unanimously affirmed by the Appellate Division in 1961. On or about January 11, 1962, the Court of Appeals (*People* v. *Zimmerman,* 10 N Y 2d 430, revg. 12 A D 2d 753) reversed the order of the Appellate Division and sustained the '' writ '' on the ground that at the trial, a witness for the prosecution falsely denied upon cross-examination that he had made any statements in the presence of a District Attorney's stenographer more than a week before the

trial, when, in fact, he had previously made such statements and they contained material inconsistencies. The Court of Appeals remanded the plaintiff for a new trial, stating among other things that " the failure of the prosecutor to make any effort to correct this falsehood and to afford the court or defense counsel an opportunity to examine those statements, which were in his possession, in effect, amounted to a suppression of such material and prejudiced the defendant in his right to a fair trial ".

Subsequently, on February 2, 1962, on the recommendation of the District Attorney, the indictment was dismissed by order of the court. The District Attorney's recommendation was predicated upon plaintiff's youth at the time of the alleged commission of the crime charged, his long period of imprisonment, and upon the fact that important witnesses for the prosecution appeared to have repudiated their original testimony.

Thus, while neither the remand for new trial nor the subsequent dismissal was in fact and in law a determination as to the guilt or innocence of plaintiff—for what it is worth—the latter did constitute a " favorable prior determination." This would be an indispensable element of the tort of malicious prosecution in the classic sense, although generally not necessary to a finding of false arrest (false imprisonment and unlawful detention) or any of the other alleged wrongful conduct charged.

The suggestion in the city's brief that a District Attorney in the exercise of his official duties as such is an *ad hoc* representative of the State is conclusively disposed of in *Fisher* v. *State of New York* (10 N Y 2d 60) in which the Court of Appeals speaking on page 61, clearly met the issue head-on in the following language: " As the Appellate Division said in the *Ritter* case, the District Attorney is in a sense part of the judicial system of the State and prosecutes criminal causes in the name of the People of the State but he does not act as a State officer or employee in any such sense as would make the State liable for his wrongdoing."

The question whether the County of New York, as a named defendant, has been properly served or is otherwise in default is of no consequence to this decision in view of the appearance and defense of the Corporation Counsel in behalf of defendant the City of New York, of which the County of New York is a subdivision.

The District Attorney is a quasi-judicial officer acting for the State in criminal matters, including criminal investigations and prosecutions within his county. (*Manceri* v. *City of New York*, 12 A D 2d 895, and cases cited therein; N. Y. Const.,

art. XIII, § 13, subd. [a]; County Law, § 700, subd. 1; § 927; *Matter of Prentice* v. *Gulotta*, 13 Misc 2d 280; *People* v. *Dorsey*, 176 Misc. 932; *People* v. *Neff*, 121 App. Div. 44, affd. 191 N. Y. 286; *Matter of McDonald* v. *Goldstein*, 191 Misc. 863, affd. 273 App. Div. 649.)

Assistant District Attorneys appointed by District Attorneys are authorized to perform such duties pertaining to the office as may be directed by the District Attorney (County Law, § 702, subd. 2; § 930).

Municipal police officers, assigned to the office of a District Attorney and assisting the District Attorney in the performance of his duties, become *ad hoc* representatives of the District Attorney and are clothed with such immunity as may be available to the District Attorney himself (cf. *West* v. *Prudential Ins. Co. of America*, 34 F. 2d 449; *Schauf* v. *City of New York*, 23 Misc 2d 585).

As such quasi-judicial officer, the District Attorney as well as all persons acting under his direction and control are immune from civil suit for an official act performed by them in the investigation and prosecution of the crime with which plaintiff was charged, even if it be assumed that they acted maliciously to the injury and damage of plaintiff. (Cf. *Barr* v. *Matteo*, 360 U. S. 564; *Yaselli* v. *Goff*, 12 F. 2d 396, affd. *Per Curiam* 275 U. S. 503; *Howard* v. *Lyons*, 360 U. S. 593; *Salomon* v. *Mahoney*, 271 App. Div. 478, affd. 297 N. Y. 643; *Gregoire* v. *Biddle*, 177 F. 2d 579, cert. den. 339 U. S. 949; *Potash* v. *Sacks*, 123 N. Y. S. 2d 913, affd. 282 App. Div. 962.)

All of the alleged acts complained of, then, are ruled to be in fact and in law quasi-judicial acts performed by or in behalf of the District Attorney. As to the alleged wrongdoers themselves, all of these alleged acts are within the protection of the absolute immunity afforded the District Attorney himself in the performance of his constitutional and statutory duties.

We are asked to decide whether a complaint against the City of New York charging tortious conduct of a District Attorney and/or members of his staff states a good cause of action.

Generally, a master is liable for all acts of his servant done in the scope and course of the employment and when a servant's tortious conduct is considered in this context, both the master and the servant are held to be joint tort-feasors in practical result. As a simple exercise in pure reasoning it would be anomalous to say the least, if a master may be held to answer for the wrongdoing of a servant who himself is exempt from liability.

If the defendant city is to be cast in damages in this case it can only be brought about because of the common-law principle of *respondeat superior*. But the relationship of master and servant in the juridical sense exists only where the alleged master has the right to direct the person alleged to be his servant. This right to direct involves a right not only to order the doing of an act but also to control the manner in which it is to be done. The important question is one of direction and control. As a corollary, if one hires the servant of another and retains the right to direct such servant and to control the manner in which such servant performs his duties, the hirer becomes the *ad hoc* master of such servant, and, as between the original employer and himself, solely responsible for such servant's wrongdoing. The fact that such servant may have to look to his original employer for his pay would make no difference under those circumstances.

These are "hornbook" principles, too well established to require specific citations. Application of these principles to the facts at bar should inevitably exempt the defendant the City of New York from liability for the alleged wrongdoing of an Assistant District Attorney or of a police officer acting under the District Attorney's direction and control.

Surely, no one will be heard to argue that the city through any of its agents has the power to order the District Attorney about or to control the manner in which he is to perform his constitutional and statutory duties. Moreover, even if by statute the salary of the District Attorney and the budgetary requirements of his office are charged to his county and therefore to the defendant, the City of New York, this would not make the District Attorney (an elected public officer) a county officer, or employee in any such sense as would make the city liable for his wrongdoing. Nor does the fact that, by section 2 of the Public Officers Law and section 3 of the County Law, a District Attorney is declared to be a " local officer ", " make him " the servant or employee, in such sense, of the locality " government " within the borders of which he is limited in the execution of his official functions.

One last word. *Fisher* v. *State of New York* (23 Misc 2d 935, affd. 13 A D 2d 608, affd. 10 N Y 2d 60) is a case presenting facts remarkably similar to those here. In dismissing the claim as against the State on the ground that the " District Attorney of New York County and his assistants are not officers or employees of the State ", the Court of Claims (SQUIRE, J.) made this provocative statement (p. 936): " Although it is usually not our practice to suggest the identity of the proper defendant,

claimant should consider the liability of the City of New York for the acts of officers of the five counties (including New York County) comprising said city."

In *Ferranti* v. *City of New York* (N. Y. L. J., July 30, 1965, p. 8, col. 4 [Sup. Ct., Bronx County, LORETO, J.]), a complaint also alleging "malicious" and "wanton" acts of an Assistant District Attorney (Ferranti's was a complaint against an Assistant District Attorney and the City of New York), we find another provocative statement: "Nothing alleged in the complaint gives rise to an actionable cause of action against the moving defendant [District Attorney]. His motion is therefore granted. The action is accordingly severed and dismissed as to *him.*" (Emphasis and matter in brackets ours.)

Except for these two references and *Manceri* (*supra*) I have culled nothing from the elaborate memoranda submitted by the parties from which I can conclude that the precise question of the city's liability in the present situation has ever been answered in recorded judicial literature.

*Ferranti* (*supra*) is still to be tried. The defendant City of New York has not seen fit as yet to move to dismiss the complaint in that action and perhaps this is so because the acts complained of against the police officers in that case were independent of and preceded the alleged wrongful acts charged to the Assistant District Attorney.

In *Manceri* (*supra*) the complaint was dismissed on motion of the defendant City of New York on the narrow ground that the alleged slander there charged to an Assistant District Attorney was uttered outside the scope of his employment and duties as such—not during or in the course of a judicial process or hearing.

Plaintiff's remedy, if any, lies with the Legislature.

The motion is granted in all respects and the complaint is dismissed on the law and on the facts.