Henry WILHELM and Lawrence Frank, Plaintiffs,

v.

Richard C. TURNER, Attorney General of Iowa; Douglas Carlson, Assistant Attorney General; Robert C. Blair, Director, Iowa Bureau of Criminal Investigation, Daniel Mayer, Terry C. Johnson, Agents, Defendants.

Civ. No. 8–2335–C–2.

United States District Court
S. D. Iowa,
Central Division.

April 23, 1969.

Clark L. Holmes, Des Moines, Iowa, for plaintiffs.

Eugene Davis, and Robert H. Alvine, Des Moines, Iowa, for defendants.

## MEMORANDUM AND ORDER

STEPHENSON, Chief Judge.

Plaintiffs filed complaint herein alleging that the defendants "acting under color of state statute, illegally seized printed material belonging to plaintiffs, to wit, printed copy of the newspaper Pterodactyl, which material is an exercise of plaintiffs' right to freedom of speech and press." Plaintiffs further allege that "the seizure was without warrant and without prior adversary adjudication of obscenity, violated plaintiffs' rights by Amendments One and Fourteen of the United States Constitution, and has caused and will continue to cause plaintiffs irreparable harm." Plaintiffs pray for an injunction restraining defendants from further seizure of printed material belonging to plaintiffs in violation of their constitutional rights and for a preliminary injunction ordering defendants to return to plaintiffs all the items seized by defendants. In Count II, plaintiffs further allege that the illegal seizure resulted in plaintiffs' inability to make timely publication of the newspaper and that defendants' seizure was made because of malice toward plaintiffs. Plaintiffs pray for one thousand dollars ($1,000) actual compensatory damages and ten thousand dollars ($10,000) punitive damages.

Defendants filed motion to dismiss on the grounds that the Court lacks jurisdiction of the subject matter, Fed.R. Civ.P. 12(b) (1), and that the complaint fails to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b) (6). Defendants filed supplements to their motion in the form of affidavits by the Attorney General and other members of his staff named as defendants, and members of the Iowa State Bureau of Criminal Investigation, also named as defendants. The Court treated the motion to dismiss for failure to state a claim upon which relief can be granted as a motion for summary judgment, Fed.R. Civ.P. 56. Oral hearing was had and evidence taken on plaintiffs' prayer for preliminary injunction, and in connection with the motion for summary judgment.

This Court has jurisdiction of the parties and the subject matter under the

provisions of Title 28 U.S.C. § 1343; Title 42 U.S.C. § 1983.

The pleadings, affidavits, and evidence offered indicate the matters hereinafter set out, occurred. The plaintiffs brought certain materials to Trico Publishers at Wilton Junction, Iowa, for the purpose of having them printed as a newspaper called "Pterodactyl" on March 13, 1969. Trico had previously printed two issues of the newspaper for plaintiff Wilhelm. Prior arrangements had been made for the printing on March 13. Four thousand issues were to be printed and ultimately sold in the vicinity of Grinnell College. Shortly after their delivery to the printer the materials were turned over to agents of the State Bureau of Criminal Investigation by the printer pursuant to a prior arrangement between the Attorney General and the attorney for the printer. Plaintiffs' request for return of the materials was not granted and ultimately the materials were brought to the state capitol where they remained in the custody of the State Bureau of Criminal Investigation until brought into court at the hearing herein.

It is undisputed that no warrant for the seizure of the materials was ever sought or issued. Neither was there any hearing for the purpose of determining whether the material was obscene. It is the position of the Attorney General that the materials were voluntarily turned over to his representatives by the printer and thus there was no seizure. He further contends that based on examination of prior issues of the paper furnished to him there was good reason to believe these materials would be obscene and if found to be so, they were subject to retention as contraband. The Court does not agree with either of these propositions.

■■■■ The Court finds that the materials were seized by agents of the Attorney General at his direction without a prior judicial determination as to their obscenity. In A Quantity of Books et al. v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1963), the Supreme Court of the United States has ruled that an adversary determination of obscenity is a necessary prerequisite to seizure. It is not the purpose of the law to permit the dissemination of obscene materials but to prevent the abridgment of the right in a free society to unobstructed circulation of non-obscene materials. It is of no consequence that such materials are now alleged to be contraband.[1] It is their seizure without a prior judicial determination of obscenity that the law forbids.

■■■■ Defendants suggest that appropriate remedies are available under state law and therefore this Court should abstain from further action pending possible proceedings in the state courts. The remedy available under federal law is supplementary to the state remedy, and state action need not be first sought and refused before the federal one is invoked. Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). It is also clear that the federal court has the power to grant injunctive relief to protect the violation of a constitutionally protected right. Dombrowski v. Pfister, 380 U.S. 479, 497–498, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); Potwora v. Dillon, 386 F.2d 74 (2d Cir. 1967). Plaintiffs are entitled to a prompt return of their materials and it will be so ordered. It does not now appear that a preliminary injunction is needed to prevent further seizure of plaintiffs' property by the defendants. State action has not been instituted against the plaintiffs. Neither have any further attempts been made to seize materials from the plaintiffs. Under these circumstances a preliminary injunction does not now appear necessary and will therefore not be ordered.

Under Count II of their complaint plaintiffs seek compensatory and punitive damages on account of the illegal seizure of their materials. Defendants

---

1. The Court does not disagree with the Attorney General's description of the material as trash.

seek dismissal of this claim on the grounds that the Attorney General was acting in a quasi-judicial capacity and within the authority and jurisdiction of his office and therefore is immune from suit for civil damages. It is further urged that his staff and the members of the State Bureau of Criminal Investigation were acting at the Attorney General's direction and therefore likewise immune from civil action for damages.

The doctrine of judicial immunity has long existed under our law. Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1871), and it has recently been affirmed that this doctrine was not abolished by Title 42 § 1983. Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1966); Tate v. Arnold, 223 F.2d 782 (8th Cir. 1955). The doctrine recognizes that "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." 13 Wall. at 347.

The doctrine of judicial immunity has also been applied to prosecuting attorneys and those associated with them in the discharge of their duties on the basis that they are quasi-judicial officers and should be afforded the same immunity in order that they may act freely and fearlessly in the discharge of their important official functions. Yaselli v. Goff, 12 F.2d 396, 56 A.L.R. 1239 (2d Cir. 1926); Gregoire v. Biddle, 177 F.2d 579 (2d Cir. 1949). It has likewise been held that the doctrine of immunity of quasi-judicial officers such as prosecuting attorneys has not been modified by the civil rights statute, Title 42 § 1983. Rhodes v. Meyer, 334 F.2d 709, 718 (8th Cir. 1964), cert. denied, 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186; Rhodes v. Houston, 202 F.Supp. 624, 633-634 (D. Neb.1962), aff'd, 309 F.2d 959 (8th Cir. 1962); Hurlburt v. Graham, 323 F.2d 723 (6th Cir. 1963); Wise v. City of Chicago, 308 F.2d 364 (7th Cir. 1962);

Phillips v. Nash, 311 F.2d 513 (7th Cir. 1962); Agnew v. Moody, 330 F.2d 868 (9th Cir. 1964); Bauers v. Heisel, 361 F.2d 581 (3d Cir. 1966); Fanale v. Sheehy, 385 F.2d 866 (2d Cir. 1967); Kostal v. Stoner, 292 F.2d 492 (10th Cir. 1961).

Plaintiffs contend that the defendants, Richard Turner, Attorney General, and Douglas Carlson, Assistant Attorney General, were acting in an investigatory capacity and not in their quasi-judicial capacities and are therefore not immune from prosecution under the Civil Rights Act, Title 42 § 1983. Robichaud v. Ronan, 351 F.2d 533 (9th Cir. 1965); Dodd v. Spokane County, Washington, 393 F.2d 330 (9th Cir. 1968). Defendants on the other hand urge that the Attorney General and his assistant were acting within the jurisdiction and authority conferred by statute upon the Attorney General. Section 13.2(2), Code of Iowa 1966, provides in part as follows:

"It shall be the duty of the attorney general, except as otherwise provided by law to:

2. Prosecute and defend in any other court or tribunal, all actions and proceedings, civil or criminal, in which the state may be a party or interested, when, in his judgment, the interest of the state requires such action, * *."

Chapter 725, Code of Iowa 1966, makes it a criminal offense to print, publish, sell, or distribute obscene material. The Attorney General and his staff must of necessity conduct investigations in carrying out their official duties. The Court now finds that they were acting within their jurisdiction in conducting the investigation in the case at hand. It is only when the Attorney General or his staff act clearly outside their jurisdiction that they lose their immunity. Bauers v. Heisel, supra 361 F.2d at 590-591. The claim for damages against the defendant Attorney General and his assistant will, therefore, be dismissed.

Finally, plaintiffs urge that no judicial immunity extends to deprive this court of its jurisdiction to grant recovery

as to defendants, Robert C. Blair, Daniel Mayer, and Terry C. Johnson, who in this case were acting as police officers. Defendants contend that they were performing ministerial duties at the direction of the Attorney General, (see affidavit of the Attorney General filed herein) and are therefore immune to suit for civil damages. It is clear that the common law has never granted police officers an absolute and unqualified immunity. It is also clear that the defense of good faith and probable cause is available to them in an action under Title 42 § 1983. Pierson v. Ray, *supra*, 386 U.S., at 555 and 557, 87 S.Ct. 1213. The Court is satisfied in the case at hand that the defendants, members of the State Bureau of Criminal Investigation, were performing ministerial functions at the specific direction of the Attorney General and are therefore immune from suit for civil damages. See Norton v. McShane, 332 F.2d 855, 861 (5th Cir. 1964).