**UNITED STATES of America ex rel. William J. BURKE, Petitioner-Appellant,**

v.

**Vincent R. MANCUSI, Warden, Attica State Prison, Attica, New York, Respondent-Appellee.**

No. 224, Docket 71–1580.

United States Court of Appeals, Second Circuit.

Argued Nov. 3, 1971.

Decided Nov. 22, 1971.

Arthur F. Golden, New York City (Robert B. Fiske, Jr., New York City, on the brief), for petitioner-appellant.

John G. Proudfit, Asst. Atty. Gen. of N. Y., New York City, (Louis J. Lefkowitz, Atty. Gen. of N. Y., and Samuel A. Hirshowitz, First Asst. Atty. Gen.,

New York City, on the brief), for respondent-appellee.

Before WATERMAN, SMITH and TIMBERS, Circuit Judges.

PER CURIAM:

We are called upon to determine the propriety of the denial of a state prisoner's petition for a writ of habeas corpus, after an evidentiary hearing, by the United States District Court for the Southern District of New York, Morris E. Lasker, District Judge, 331 F.Supp. 1246. Petitioner claims that his guilty pleas were induced by broken promises of the New York County District Attorney's Office. Without reaching this question, we affirm the denial of the petition on the ground the District Court denied it, namely, that petitioner voluntarily and knowingly waived an opportunity to withdraw his pleas.

On November 21, 1966, Burke pleaded guilty in the Supreme Court, New York County, to the felony of attempted second degree grand larceny and to the misdemeanor of coercion. When presented for sentencing on January 27, 1967, petitioner was asked whether he had any legal cause to show why judgment should not be pronounced against him. Burke replied:

"Yes, I do . . . . I was originally with the District Attorney's police, and I was induced to confess in this crime, and I was given to understand that the disposition of all matters pending would be two misdemeanors. They reneged on that promise, and they haven't initiated it up to this point."

Mr. Wynn, an assistant district attorney for New York County, denied that any such promise was made. Mr. Erdmann, petitioner's counsel, then read into the record a memorandum he had made following a meeting with several assistant district attorneys:

"I was asked by Assistant District Attorney Karl Grebow if I would permit him to interview William Burke with respect to co-operating with the District Attorney's Office in their continuing investigation of the extortion ring. . . . Grebow said that they would not give Burke immunity. However, that if any indictment in addition to those already existing was returned against him by virtue of his co-operation, it would not 'be held against him.' Furthermore, if Burke's co-operation was substantial, he could rely on all his cases being disposed of on the basis of a couple of misdemeanors. I communicated the above to Burke, and he elected to talk to the detective and with Mr. Grebow."

Thereafter Mr. Wynn said "there is no question that such meeting took place . . . . However, [Burke's] co-operation was far from substantial."

The sentencing judge, Justice Schweitzer, then afforded petitioner an opportunity to withdraw his guilty pleas, stating:

"I feel that the plea in this case is much too low. . . . .

I make no secret about my feelings in this case: that I would be in full accord with the District Attorney's consent to the withdrawal of these pleas and setting them down for trial forthwith, on both pending indictments, and an expeditious processing of any and all other cases now known to the District Attorney involving extortions, which presently remain dormant in his office.

Now, I would like to have an expression of opinion from you, Mr. Erdmann; because I state to you that if Mr. Hogan were to come into this courtroom and recommend two misdemeanors in this case, I would not accept it."

After conferring with counsel, Burke decided not to withdraw his pleas. Justice Schweitzer then sentenced him to City Prison for the time already served on the misdemeanor and to State Prison

for a term of two to five years on the felony.[1]

Burke contends that the intimidating tone of the sentencing judge's remarks created an atmosphere which precluded a reasoned, intelligent and voluntary choice among the alternative courses of action; and that the District Court therefore erred in concluding that he had voluntarily waived an opportunity to withdraw his pleas.

We hold that there is no basis in the record to support Burke's claim that the sentencing judge's remarks destroyed petitioner's capacity for reasoned choice. At the sentencing proceeding, Burke was represented by competent counsel,[2] who was capable of assisting Burke in making an intelligent choice and whose presence helped to dispel the coercive potential of the judge's remarks. See McMann v. Richardson, 397 U.S. 759, 770-71 (1970); Brady v. United States, 397 U.S. 742, 754 (1970). Moreover, petitioner's lengthy criminal record[3] enabled him to make a relatively informed decision about his chances for acquittal if he went to trial and made it unlikely that the sentencing judge's remarks intimidated him. Finally, petitioner's contention that the judge's failure to grant him additional time to consider the alternatives precluded a reasoned choice is without merit. The record clearly shows that petitioner consulted with counsel and that neither he nor counsel requested additional time for deliberation or consultation.

Given the totality of circumstances, we hold that petitioner reaffirmed his guilty pleas not because he was incapable of making a voluntary and rational choice, but "because in his view he had absolutely nothing to gain by a trial and much to gain by pleading." North Carolina v. Alford, 400 U.S. 25, 37 (1970).

We commend petitioner's assigned counsel, Robert B. Fiske, Jr., Esq., and Arthur F. Golden, Esq., for their excellent brief and forceful oral argument in this Court—in accordance with the highest traditions of the profession.

Affirmed.

1. Petitioner's conviction was unanimously affirmed by the Appellate Division, 32 App.Div.2d 741, 300 N.Y.S.2d 511 (1st Dept.1969), and leave to appeal to the New York Court of Appeals was denied on September 24, 1969. Petitioner's coram nobis application to vacate and set aside the guilty pleas on the ground that they were induced by broken promises was denied, without a hearing, by Justice Schweitzer on November 3, 1969. Petitioner has been serving his sentence since November 5, 1969, parole having been denied.

2. At the evidentiary hearing in the District Court, Martin Erdmann, petitioner's

counsel at the sentencing proceeding, testified that he was admitted to practice in 1939 and had been associated with the Legal Aid Society for 25 years. The District Court found that "Petitioner was represented by especially competent counsel. . . . "

3. As Judge Lasker wrote, "The record shows that petitioner was a man remarkably experienced as to the significance of legal acts and rights. At the time of the proceedings herein he had been convicted some 18 times (seven of these convictions for the same type of felony as here) and, in petitioner's own words, has 'a record a yard long'."