**William J. BURKE, Plaintiff,**

v.

**James McDONNELL, Defendant.**

**No. 72 Civ. 3384.**

United States District Court,
S. D. New York.

May 7, 1973.

William J. Burke, pro se.

Norman Redlich, Corp. Counsel, New York City, for defendant by Thomas Burchill, Fresh Meadows, N. Y., of counsel.

GURFEIN, District Judge.

This is a pro se action brought under 42 U.S.C. § 1983, 28 U.S.C. § 1343 and the Fifth and Sixth amendments. It seeks damages in the sum of $50,000 against a single defendant, James McDonnell, formerly a police detective assigned to the office of the District Attorney of New York County. The claim is that McDonnell filed a perjurious affidavit in a coram nobis proceeding brought by Burke in the Supreme Court of New York County, after he was sentenced, to vacate his plea of guilty theretofore entered, and hence, violated Burke's civil rights. A trial was had at which both the plaintiff and the defendant testified. The plaintiff acted *pro se*.

The background of the claim is as follows. Burke was indicted under Indictment 5125/65, Supreme Court, New York County, with co-defendants Mulcahy and Mullen for conspiracy to commit extortion on homosexuals. The police first got in touch with Burke when he was in jail in Rikers Island Penitentiary on another charge and attempted to enlist his cooperation with the People. Ultimately his assigned Legal Aid lawyer, Erdmann, who so testified at this trial,

718

had a conference with the Assistant District Attorney Grebow in which the latter said that if Burke cooperated he would not get immunity but his disclosures would not be held against him on any future indictment and if he cooperated substantially the prosecution would recommend sentencing on a couple of misdemeanors. The plaintiff was later indicted with one Kamisky for extortion (Indictment 2796/1966).

█ It further appears that Burke was given a chance to withdraw his plea before sentence upon being told that the District Attorney did not consider his cooperation "substantial" but he failed to do so. United States ex rel. Burke v. Mancusi, 331 F.Supp. 1246, 1249–1250 (S.D.N.Y.1971). His writ of coram nobis was later denied in the State Court, and his petition for a writ of habeas corpus in this Court was denied on the ground that he had intelligently waived his rights. United States ex rel. Burke v. Mancusi, 331 F.Supp. 1246 (S.D.N.Y.), aff'd, 453 F.2d 563 (2 Cir. 1971). His failure to retract his plea broke the chain of causation even if McDonnell's affidavit might otherwise be deemed the inducing cause of the sentence of two to five years imposed. The prior decisions are binding.* Rosenberg v. Martin, 478 F.2d 520 (2 Cir. 1973).

█ I find that the plaintiff has failed to establish by a preponderance of the evidence that the affidavit by the defendant was perjurious. The affidavit was prepared by an Assistant District Attorney after interviewing McDonnell. The challenged portion of the affidavit (Pl.Ex. 1) recites:

"4. On at least two or three occasions prior to January 20, 1967, the defendant was released in my custody. On these occasions, the defendant accompanied me to several locations and had conversations with me. During these trips and conversations the defendant gave me 'run-a-rounds' and, in my opinion, withheld vital information.

5. The defendant's information, if any, was certainly not substantial. His cooperation with me or my office or the District Attorney's Office, was minimal.

6. No information that the defendant gave me or my office led to the arrest or conviction of any person by me or my office within New York State."

The defendant swore that he already had the information needed for the indictment of Kaminsky before interviewing the plaintiff. I credit his testimony. The defendant also testified that he had information from young homosexuals— "chickens"—which led the authorities to the principal witness in the case who subsequently testified in the Grand Jury. He denied under oath that the plaintiff had supplied the lead to that witness.

The plaintiff concedes that he did not give the name or the correct address of the witness to the defendant, but states that he gave some general descriptive information which the defendant swore was worthless.

I also find that the plaintiff has failed to prove that the promise was broken. I do not credit his vague "cooperation" which mentioned neither name nor address of potential witnesses as being "substantial."

█ Moreover, the defendant was working sufficiently under the direction of the District Attorney to be covered by the quasi-immunity of the latter. See Zimmerman v. City of New York, 52 Misc.2d 797, 276 N.Y.S.2d 711 (Sup.Ct. N.Y.Co., 1966); Wilhelm v. Turner, 298 F.Supp. 1335 (S.D.Iowa, 1969); Norton v. McShane, 332 F.2d 855 (5 Cir. 1964). The same policy reason that would prohibit an action against the District Attorney, that it would impede the courageous performance of his duty, applies as well to the defendant police officer in these circumstances. That officer was required, as part of the District Attor-

* Burke had been convicted eighteen times previously, seven of these for the same type of felony. See 331 F.Supp. at 1252.

ney's function in informing the Court of the true facts on a coram nobis petition, to state what he believed, without fear of a lawsuit for personal damages. The officer should not be put to his peril in deciding whether a defendant is co-operating substantially or is holding back information which he could supply. Such a choice is not part of the investigative function of a police officer. It involves an opinion that is quasi-judicial. There was no showing, to my satisfaction, of bad faith or corrupt motive on the part of the defendant who did not know Burke before his arrest. *Cf.* Pierson v. Ray, 386 U.S. 547, 555, 87 S.Ct. 1213, 18 L.Ed. 2d 288 (1967).

The Court will order the entry of judgment dismissing the complaint. See Rosenberg v. Martin, *supra*.

The foregoing constitutes the findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).

It is so ordered.