**William BANKHEAD, Plaintiff,**

v.

**William COWIN, Individually and in his official capacity as a judge of the City of New York, et al., Defendants.**

**No. 74 C 1252.**

United States District Court,
E. D. New York.

Dec. 31, 1975.

William Bankhead, pro se.

W. Bernard Richland, Corp. Counsel, New York City, for the City of New York.

OPINION AND ORDER

PLATT, District Judge.

This is a civil rights action for damages brought under 42 U.S.C. §§ 1983 and 1985. Plaintiff was at the time of the alleged violations of his rights under indictment in the Supreme Court of New York for Kings County. The action was earlier dismissed as to defendant Cowin, a justice of the Supreme Court, and defendants Gold and Canavor, respectively District Attorney and Assistant District Attorney of Kings County, because of the doctrines of judicial and quasi-judicial immunity from suits of this nature. Defendant Greenup served as counsel for plaintiff in plaintiff's criminal action.

Plaintiff alleges that he was sentenced in the State Supreme Court despite the absence of an accepted plea of guilty, and further alleges that this sentence was passed pursuant to a conspiracy by the individual defendants to deprive him of his civil rights. Plaintiff's contentions were heard on appeal, and were rejected by the Appellate Division, Second Judicial Department, on May 6, 1975.

Plaintiff also alleges that defendant City of New York by its agents including Eugene Gold "failed to adequately instruct and train defendants Cowin, Canavor in the proper methods of handling criminal court cases without engaging in acts of deceit or collusion", Amended Complaint Para. 18. The City has moved for a dismissal of the complaint as to it on the grounds that the complaint fails to state a claim upon which relief can be granted, and that the City is immune from liability under the Civil Rights Acts. The motion will be granted.

Until recently this Court might have dismissed this action on the immunity theory. See *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Spampinato v. City of New York,* 311 F.2d 439 (2d Cir. 1962), *cert. denied,* 372 U.S. 980, 83 S.Ct. 1115, 10 L.Ed.2d

144 (1963); *Gonzalez v. Doe*, 476 F.2d 680 (2d Cir. 1973). In this case, however, plaintiff also brings his action under the Fifth, Thirteenth and Fourteenth Amendments. That fact suggests difficult questions about the extension of the holding of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), to amendments other than the Fourth Amendment, and the applicability of that holding in suits against states or municipalities under the Fourteenth Amendment.

At least one panel in the Court of Appeals for this Circuit and at least one judge in this district have held that suit can be brought against local governmental bodies directly under the Fourteenth Amendment, *Brault v. Town of Milton*, 527 F.2d 730 (2d Cir. 1975); *Buck v. Board of Education of City of New York*, 71C954 (E.D.N.Y. July 16, 1975). On the other hand, recently the Second Circuit *en banc* explicitly declined to affirm the conclusion of the panel in *Brault*, relying instead on another point to dismiss the complaint, *Brault v. Town of Milton*, 527 F.2d 730 (2d Cir. 1975). At any rate, consideration of the alternative grounds for dismissal suggested by the City makes a decision on this question unnecessary in this case.

■ That alternative ground is that the City is not responsible for the training and supervision of any defendant, and that as a result plaintiff's allegations do not state a claim upon which relief can be granted. Plaintiff's assumption that the City is the principal of the named defendants is erroneous. Supreme Court justices and members of the staff of a District Attorney are not City officials, see New York Constitution, Article 6 § 6 and Article 13 § 13; N.Y. County Law § 702; *Matter of Coleman v. Lee*, 1 Misc.2d 685, 148 N.Y.S.2d 753 (Sup.Ct.Broome Co.1956); *Zimmerman v. City of New York*, 52 Misc.2d 797, 276 N.Y.S.2d 711 (Sup.Ct.N.Y.Co. 1966). No relief can be granted against the City under the amended complaint, and the City's motion to dismiss is granted without prejudice in accordance with the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure.

So ordered.