HON. VICTOR M. ORT Village Attorney, Bayville
This is in response to your recent letter wherein you request the opinion of the Attorney General as to whether a conflict of interest exists when a committeeman of the local county Republican party is appointed as a "village prosecutor" for a village within the county.
A village prosecutor is appointed pursuant to section 20-2006 of the Village Law, which provides, in pertinent part, as follows:
"§ 20-2006 Violation of ordinances
 "2. Upon the adoption of a resolution by the board of trustees of a village authorizing the village attorney or an attorney other than the one regularly employed to prosecute a violator of a village ordinance or local law or a person accused of committing any offense, infraction or criminal act within the village and providing the village attorney or an attorney other than the one regularly employed is designated as an assistant district attorney, as provided by law, to prosecute in the name of the people of the state of New York, the violator of a village ordinance or local law or a person accused of committing any offense, infraction or criminal act within the village, the board of trustees may pay a reasonable compensation to such village attorney or an attorney other than the one regularly employed therefor."
A county committeeman of a political party is elected pursuant to the provisions of Article 2 of the Election Law.
We do not find any constitutional or statutory provision which would prohibit a person from serving as a village prosecutor while he is a committeeman of a county political party. Section73(8) of the Public Officers Law prohibits a party officer from serving as an assistant district attorney, but the term "party officer" is defined therein as including a county chairman of a political party but not a committeeman.
It is a general rule that absent statutory prohibition, one person may hold two or more public offices at the same time provided that the duties to be performed do not create an incompatibility of office, which would result when the two offices, per se, have the right to interfere, one with the other (People ex rel. Ryan v. Green, 58 N.Y. 295 [1874]).
A village prosecutor would be considered a public officer, since he or she would have to be designated an assistant district attorney and would be enforcing the ordinances and local laws of the village (Fisher v. State, 23 Misc.2d 935, aff'd. 13 A.D.2d 608, aff'd. 10 N.Y.2d 60; Haller v. Carlson, 42 A.D.2d 829).
However, it has been held that a county chairman of a political party is not a public officer, and that therefore the doctrine of incompatibility of public offices is not applicable where one of the positions in question is not, in fact, a public office (Matter of Sulli v. Board of Supervisors of Monroe County,24 Misc.2d 310 [Sup. Ct., Monroe Co., 1960]). The holding of that case can be applied with equal force where, as in this instance, the position is that of a county committeeman rather than a county chairman. I am enclosing a copy of a previous opinion of this office (1973 Atty. Gen. [Inf.] 68) which discusses the application of the Sulli case.
The Sulli case did state, however, (p. 314) that even where theRyan rule does not apply, that does not mean that a public official may not be removed in accordance with law if he assumes another position which conflicts with his public office to such an extent as to render it improper for him to act in both capacities.
An examination of the duties of a village prosecutor and those of a county Republican party committeeman does not disclose any such inherent conflict between the two positions.
However, despite the fact that no express constitutional or statutory prohibition exists and that no inherent conflict appears between the two positions, a possible question of legal ethics could arise when a village prosecutor holds a political party office. Therefore, we suggest that you seek an advisory opinion from the New York State Bar Association's Committee on Professional Ethics with regard to the propriety of the proposed arrangement.