Truman Eldin McDONALD

v.

**J. D. MIDDLEBROOKS, Warden, Louisiana State Penitentiary.**

Misc. No. 909.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Nov. 14, 1966.

Truman Eldin McDonald, in pro. per.

Jack P. F. Gremillion, Atty. Gen. of Louisiana, Teddy W. Airhart, Jr., Asst. Atty Gen., David French, Sp. Counsel, Baton Rouge, La., for respondent.

WEST, District Judge:

Petitioner, Truman Eldin McDonald, seeks a writ of habeas corpus. He is presently serving a life term at Louisiana State Penitentiary for murder, and faces an additional sentence of fifteen years for attempted armed robbery, which sentence is to run consecutively with the life sentence for murder. Both sentences were imposed by the Judge of the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, on June 4, 1962, after petitioner had entered a plea of guilty without capital punishment to the charge of murder and of guilty as charged to the charge of attempted armed robbery. He now attacks his convictions and sentences on three grounds, i. e., (1) that there was no probable cause for his arrest; (2) that he was denied the assistance of competent counsel; (3) that there was an unduly long lapse of time between his arrest and arraignment.

An evidentiary hearing was held before this Court on October 10, 1966, and the Court was, at that time, furnished with copies of the State Court proceedings had against petitioner. After a thorough review of these proceedings, and after hearing the evidence in this case, it is the opinion of this Court that there is no merit to petitioner's contentions.

Petitioner, together with a companion, was arrested on October 28, 1961, and charged with murder and with attempted armed robbery. He and his companion were indicted for both crimes on December 1, 1961. On December 7, 1961, they were both arraigned and pleaded not guilty. Petitioner's companion was rep-

resented by counsel, but petitioner was not. On May 29, 1962, after the case had been set for trial on June 4, 1962, an attorney was appointed by the Court to represent petitioner. On June 4, 1962, both petitioner and his companion, through their respective attorneys, withdrew their former pleas of not guilty and entered pleas of guilty without capital punishment insofar as the murder charge was concerned and entered pleas of guilty as charged insofar as the attempted armed robbery charge was concerned. They then waived delay for sentencing, and petitioner was sentenced as mentioned above. No request for continuance of the trial was sought, and the change of pleas was effected after consultations between petitioner and his court-appointed attorney.

■ The State had subpoenaed twenty-two witnesses for the trial. Petitioner stated at the hearing before this Court that he had no witnesses at all to testify in his behalf, and that he had so informed his attorney. Petitioner further testified before this Court that the delay between arrest and the time counsel was appointed to represent him in no way changed the fact that he at no time has known of any witnesses or evidence that could have been produced in his favor at a trial. Except for his guilty pleas, he testified that he at no time confessed to the commission of the crimes with which he was charged, and at no time prior to or after the time he was first represented by counsel did anyone try to make him confess to anything. Consequently, he was in no way prejudiced by any of the delays involved in this case. After consultation with his court-appointed attorney, and upon said attorney's advice, petitioner pleaded guilty without capital punishment to the offense of murder and guilty to the offense of attempted armed robbery. These pleas were made in order that he might be sentenced to imprisonment rather than take the chance of receiving a death sentence for the crime of murder. A voluntary guilty plea forecloses Federal habeas corpus inquiry into alleged irregularities in the proceedings. Garbutt v. Warden, Maryland Penitentiary, 256 F.Supp. 623 (D.Md. 1966); Thomas v. Warden, Maryland Penitentiary, 236 F.Supp. 499 (D.Md. 1964), 350 F.2d 395; United States ex rel. Lafton v. Myers, 252 F.Supp. 918 (E.D.Penn.1966); Hulett v. Sigler, 242 F.Supp. 705 (D.Neb.1965). In Busby v. Holman, 356 F.2d 75 (C.A.5 1966) the Court said:

" * * * It is settled by a host of authorities that a judgment on a plea of guilty which has been entered voluntarily on advice of counsel is not rendered invalid because the defendant had previously made a confession under circumstances which might have rendered it inadmissible in evidence if the defendant had pleaded not guilty and had gone to trial. This is so because the plea, if voluntarily and understandingly made, is conclusive as to the defendant's guilt, admitting all the facts charged and waiving all non-jurisdictional defects in the prior proceedings against him."

■ There is not the slightest bit of evidence in this case that the petitioner's guilty pleas were not voluntarily and knowingly entered, with full and complete understanding of both the consequences of his pleas and of his rights under the law. He had no evidence to present in his behalf, and after consulting with his lawyer, it was, at the time, determined to be to his best interest to change his plea from not guilty to guilty. Thus, under those circumstances, his voluntary plea of guilty precludes an attack now on the legality of his arrest.

■ And since there is no showing of any kind of prejudice having resulted from the delays between arrest and arraignment and appointment of counsel, petitioner was not thereby deprived of due process or equal protection of the laws.

■ As to his complaint that he was denied assistance of competent counsel, little need be said. As shown by the affidavit of the trial judge filed in evidence during the hearing before this

Court, the attorney appointed to represent petitioner was well known to bench and bar as an attorney of exceptional skill and long experience in the successful handling of the defense of criminal cases. He was known as an astute practitioner of criminal law with many years of experience. There is no evidence in this case that plaintiff's court-appointed attorney, Mr. Jacob Amato, now deceased, exercised anything but skill and good judgment in the handling of this case.

For these reasons, petitioner's application for the issuance of a writ of habeas corpus must be denied.