## Commonwealth *v.* Fink, Appellant.

Submitted March 20, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Robert M. Going,* for appellant.

*Henry J. Rutherford,* Assistant District Attorney, and *Wilson Bucher,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 16, 1967:

This is an appeal from the dismissal, without hearing, of a petition under the Post Conviction Hearing Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq.

On March 21, 1966, appellant pleaded guilty to a charge of corrupting the morals of a minor. He now alleges that: "When the case was called for trial, petitioner was induced by Court-appointed counsel to enter a 'compromise plea' with the understanding that a sentence not exceeding nine (9) months would be imposed." He further alleges that a sentence of nine months was imposed, but that minutes later, the sentence was changed to one of eighteen months to three years.

The record does not show that any lighter sentence was originally imposed. The Court changed only the place of appellant's imprisonment, from the Eastern State Penitentiary to the Lancaster County Jail.

Appellant does not allege that his plea was involuntarily entered, as in *Commonwealth ex rel. West v. Myers,* 423 Pa. 1, 222 A. 2d 918 (1966). Nor do his allegations establish that the guilty plea should have been withdrawn. See *Commonwealth v. Scoleri,* 415 Pa. 218, 202 A. 2d 521 (1964). Finally, his allegation of an "understanding" that a sentence of only nine

months would be imposed, is indefinite and insufficient to show that the plea was involuntary.

We conclude that the petition was properly dismissed.

Order affirmed.