UNITED STATES of America ex rel.
George G. FINK, E–8912

v.

A. T. RUNDLE, Superintendent.

No. 3669.

United States District Court
E. D. Pennsylvania.

June 18, 1968.

Theodore W. Flowers, Philadelphia, Pa., for petitioner.

Henry Rutherford, Asst. Dist. Atty., Lancaster County, Pa., for respondent.

## MEMORANDUM OPINION

WEINER, District Judge.

Relator, a state prisoner, has applied for a writ of habeas corpus. His reasons are:

(1) A plea of guilty allegedly induced by his attorney who informed him that the trial judge had made a commitment concerning the sentence to be imposed, which he allegedly did not honor.

(2) Alleged irregularities in the proceedings prior to the pleas of guilty.

From the records it appears that relator pleaded guilty to corrupting the morals of a minor, and to furnishing intoxicants to a minor, and was sentenced to a fine of fifty dollars and to imprisonment for a period of eighteen months to three years.

His petition under the Pennsylvania Post Conviction Hearing Act, 19 P.S. § 1180–1 et seq. (1966), was denied in the

Court of Quarter Sessions of Lancaster County, aff'd, Com. v. Fink, 210 Pa. Super. 71, 232 A.2d 230 (1967), allocatur denied. Capability of counsel who represented petitioner at time of his guilty plea and sentencing and also during his post-conviction hearing is not challenged. It is an alleged statement made by Theodore W. Danforth, Esq., who represented him at time of sentencing that is in issue.

A hearing was granted to relator by this court to determine if the trial judge had made a promise or commitment to petitioner which was not kept and which induced the guilty plea.

■ The burden of persuasion rests upon the defendant who seeks to withdraw his plea. United States v. Shneer, 194 F.2d 598, 600 (3d Cir. 1952).

The relator pleaded guilty to charges of corrupting morals and furnishing intoxicants to a minor. The court was assured by relator's counsel that defendant was aware of the circumstances at the time he made his plea. Sentence was imposed and neither relator nor his counsel complained. The following day relator was resentenced wherein imprisonment was changed from Eastern State Penitentiary to Lancaster County Prison. The only remark made by relator to the trial judge consisted of an inquiry regarding the question of consideration of his parole by the court in arriving at his sentence and this question was answered in the affirmative.

The most serious allegation in his petition for a writ of habeas corpus is that he was advised by his attorney that there was an agreement that he would be sentenced only to nine months' imprisonment and that his parole would be continued.

■ As a matter of law, fundamental fairness, as a concept of due process of law, requires that when an accused has entered a plea of guilty based upon a promise by a judge who thereafter, whatever the reason, fails to adhere to his promise, the judge on his own motion should reinstate the not-guilty plea. United States ex rel. Elksnis v. Gilligan, 256 F.Supp. 244 (S.D.N.Y.1966); Com. v. Kirkland, 413 Pa. 48, 54, 55, 195 A.2d 338 (1963).

However, on the evidence presented before us, our conclusion is that the petitioner has failed to meet the burden of persuasion imposed upon him by law. United States v. Shneer, supra; Stidham v. United States, 170 F.2d 294, 297 (8th Cir. 1948).

In support of his petition relator testified that the sole reason that he pleaded guilty was because of his attorney's statement relative to the imposition of sentence.[1] However, counsel testified that in his conversation with Fink he told him that there were no guarantees and indicated that the sentence would be the same as the court imposed.[2]

■ Assuming the allegation to be true that defense counsel advised relator that his sentence would be less than the one eventually imposed, such a set of facts would not indicate coercion in the constitutional sense. Application of Atchley, 169 F.Supp. 313, 316 (N.D.Cal. 1958).

"The fact that in the finding of the Court as to the degree of defendant's guilt and the sentence imposed, the expectations or hopes of appellant and her counsel were not realized is not the kind of 'mistake or misapprehension' which in the interest of Justice, justifies the withdrawal of a plea of guilty," Com. v. Kirkland, supra, 413 Pa. at 56, 195 A.2d at 341.

"Where an accused pleads guilty, relying on his attorney's opinion as to the probable Commonwealth recommendation or actual sentence, he will not be permitted later to withdraw his plea on the ground that he was ill advised," Id. at 57, 195 A.2d at 342.

Relator's first petition under the Post Conviction Hearing Act was presented to

---

1. Habeas corpus notes of testimony at 31.

2. Habeas corpus notes of testimony at 18, 19.

Judge W. Hensel Brown, the sentencing judge in the Court of Quarter Sessions of Lancaster County, September Term, 1965, Nos. 88, 89 and 91. In that petition, as he does here, relator alleged as a ground for relief a court commitment regarding sentence. Judge Brown in dismissing the petition stated that the allegations of the relator were false and incorrect.[3]

■ We think this statement of fact by the sentencing Judge is equivalent to a certificate attesting to the fact that relator's allegation is false and incorrect. United States v. Commonwealth of Pennsylvania, 267 F.Supp. 948, 951 (W.D.Pa. 1967), citing 28 U.S.C. § 2245.

■ It is our conclusion that the circumstances disclosed by the records, the indecisiveness of the testimony in support of petition contrasted with the order of the sentencing judge affirmed by the Superior Court of Pennsylvania denies relief on the first ground.

■ Relator's second ground is without merit. The record satisfies us that the plea of guilty was entered voluntarily.

■ A voluntary plea of guilty foreclosed federal habeas corpus inquiry into alleged irregularities in the proceedings. McDonald v. Middlebrook, 260 F.Supp. 563 (E.D.La.1966).

■ The voluntary and intentional plea of guilty on advice of counsel constituted a waiver of any objections to prior proceedings which might have been in violation of defendants rights. United States ex rel. Lofton v. Myers, 252 F. Supp. 918 (E.D.Pa.1966).

### ORDER

Relator's petition for a writ of habeas corpus will be DENIED without prejudice.

We certify probable cause for appeal.

It is so ordered.

3. Order of November 10, 1966, re petition under the Post Conviction Hearing Act.