**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Marcos Antonio Angel HERNANDEZ–SALAZAR, Defendant-Appellant.**

**No. 72–2597.**

United States Court of Appeals, Ninth Circuit.

Dec. 14, 1972.

Philip A. DeMassa (argued), San Diego, Cal., for defendant-appellant.

Thomas M. Coffin, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before CHAMBERS and WALLACE, Circuit Judges, and LUCAS,* District Judge.

* Honorable Malcolm M. Lucas, United States District Judge, Los Angeles, California, sitting by designation.

PER CURIAM:

The judgment of conviction, pursuant to which the sentence which is attacked on this appeal was imposed, is affirmed.

██ ██ Following extensive discussions between Salazar's attorney and an Assistant United States Attorney, an agreement was reached whereby in exchange for a guilty plea to one count in a two-count indictment, the Assistant United States Attorney would recommend a six-month sentence. At the time of the taking of the plea of guilty, the recommendation was recited to the district court judge. However, the judge clearly advised Salazar that the court was not bound by any such agreement and he would sentence Salazar as he, in his judgment, felt was appropriate. After reviewing the presentence report, the judge imposed a three-year sentence.

Salazar did not move to set aside the plea, but requested this court to modify the sentence to enforce specifically the six-month agreement made between counsel. No law is cited to substantiate this unique request, nor do we believe such a holding would be proper.

Discussions between counsel leading to disposition of cases is an important part of our system. However, a fundamental and essential element of the administration of criminal justice is that the judge will have the ultimate responsibility in passing sentences unfettered by improper influence and based upon his objective determination, guided by his wisdom and conscience. To shackle him with mandatory enforcement of agreements between counsel would result in a dangerous inroad in our system of justice.