**UNITED STATES** of America ex rel. Irving **ANOLIK**, on behalf of Sheldon Selikoff, Petitioner-Relator,

v.

**COMMISSIONER OF CORRECTION OF the STATE OF NEW YORK,** Respondent.

No. 75 Civ. 1254.

United States District Court, S. D. New York.

April 21, 1975.

Irving Anolik, New York City, for petitioner-relator.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for respondent; Burton Herman, Asst. Atty. Gen., of counsel.

## OPINION

BONSAL, District Judge.

Petitioner, Sheldon Selikoff, presently in a New York correctional institution, seeks a writ of habeas corpus pursuant to Section 2254 of Title 28 of the United States Code on the ground that the trial judge refused to fulfill his "unconditional promise," made to petitioner on the record at the time petitioner pled guilty, that no incarceration would be imposed.

*Facts*

On May 12, 1972, four days after the commencment of the trial of petitioner and several co-defendants on one of three indictments arising out of a complicated alleged real estate "swindle," petitioner pled guilty to one count of grand larceny in the second degree in full satisfaction of the 38 counts with which he had been charged. At the same time, petitioner also pled guilty to one count of obscenity in the second degree in satisfaction of eight counts in a fourth indictment charging sexual improprieties. Petitioner pled guilty before Judge George D. Burchell in the Westchester County Court. Judge Burchell thereafter continued to preside over the trial of petitioner's co-defendants.

At the time of petitioner's guilty plea, the following colloquy occurred among Judge Burchell, Mr. West (the prosecutor) and petitioner as to petitioner's plea on the larceny indictments:

"Mr. West: Have any promises been made to you sir by the Westchester County District Attorney's Office?

"The Court: At this point Mr. West I would like to place on the record, Sheldon Selikoff, I have had a number of conferences with your attorney and with representatives of the District Attorney's Office with regard to the cases against you. Based upon the results of the conferences and conversations and the fact and representation made to the court, I indicated to the attorney and I am now indicating to you that in my opinion in the interest of justice that no incarceration of you is required and based upon this plea as to what other sentence I shall impose, I do not know and I make no promises. Do you understand that?

"Sheldon Selikoff: Yes sir.

"Mr. West: Now sir, have there been any other promises made to you by the Westchester County District Attorney's office?

"Sheldon Selikoff: No sir.

"Mr. West: Have there been any promises made to you by [your lawyer]?

"Sheldon Selikoff: No sir.

"Mr. West: Have you been promised anything by the Probation Department of this County?

"Sheldon Selikoff: No sir."

Thereafter, the following colloquy took place in connection with the guilty plea to the obscenity charge:

"Mr. West: Have there been any promises made to you with respect to this plea?

"Sheldon Selikoff: No sir.

"The Court: What I said Sheldon Selikoff in regard to the plea on the other indictment goes with this plea also. Do you understand that?

"Sheldon Selikoff: Yes sir.

"The Court: I will not answer as to what other punishment I shall impose, I will reserve to that.

"Mr. West: Have there been any other promises made to you sir by anyone?

"Sheldon Selikoff: No sir."

However, at the time of sentencing, Judge Burchell stated:

". . . At the time that such pleas were entered, this Court was not aware, nor was it advised, as to the extent of your participation involving the fraudulent scheme which was the basis of the grand larceny in the second degree of Indictment No. 997 of 1970 to which you plead [sic] guilty.

"This Court, therefore, based upon the information it then had, informed you at the time you pleaded guilty that it did not believe that a sentence calling for your incarceration was required in the interest of justice.

"Subsequent to this expression of this view, however, this Court presided at the trial of the several co-defendants named in the same indictment with you, which trial lasted for some six weeks. From the evidence adduced on behalf of the People's case on this trial, it appeared to this Court that your participation in the fraudulent scheme which was the basis of the larceny alleged in this count of the in-

dictment, as well as in the other larcenies alleged in the other indictments, Indictment 998 of 1970 and 999 of 1970, involving thousands of dollars, was not peripheral, subordinate or minor, but rather major and as a principal participant in the fraud.

"In light of these facts and circumstances, the Court feels that at this time that it cannot in good conscience and in the interests of justice keep the promise here to no incarceration.

"Furthermore, it appears from your pre-sentence report filed by the Probation Department that you deny any participation in any fraud by which sums of money were extracted from money lenders.

"Again, in regard to the indictment charging you with sexual impropriety, you, according to the pre-sentence report, deny any guilt in any such acts and claim that you are a victim of some persecution.

"Now, in view of these circumstances and in the interests of fairness and in the belief that the ends of justice will be served, this Court believes it should allow you to withdraw your pleas of guilty to both of the indictments and have your original plea of not guilty thereto reinstated, and that you be given your day in Court to contest the charges of the People.

"Accordingly, Mr. Selikoff, this Court hereby grants you the opportunity to withdraw your pleas as heretofore made as to the two indictments."

As the record quoted above indicates, Judge Burchell acknowledged that in accepting petitioner's guilty pleas he had made a representation to petitioner which, at the time of sentencing, he found he could not keep.[1] However, at the sentencing, petitioner was given an opportunity to withdraw his pleas of

1. Judge Burchell had advised petitioner on August 9, 1972 that he had determined that a prison term would be warranted and gave petitioner until August 16, 1972 to decide whether he wanted to withdraw his plea or proceed with sentence, the sentence being imprisonment.

guilty and to reinstate his not guilty pleas to the four indictments. Petitioner refused on the ground that Judge Burchell had made a binding "promise" that no incarceration would be imposed and therefore petitioner was entitled to specific performance.

Judge Burchell rejected petitioner's contention and sentenced him to an indeterminate term of up to five years on the grand larceny conviction and fined him $1,000 on the obscenity conviction.

Petitioner appealed to the Appellate Division, Second Department, of the Supreme Court, which affirmed Judge Burchell's ruling (People v. Selikoff, 41 App.Div.2d 376, 343 N.Y.S.2d 387 (2d Dept.1973)), with Presiding Justice Frank A. Gulotta (then Justice) dissenting. Petitioner then appealed to the New York Court of Appeals, which also affirmed. People v. Selikoff, 35 N.Y.2d 227, 360 N.Y.S.2d 623, 318 N.E.2d 784 (1974). Certiorari to the United States Supreme Court was denied. Selikoff v. New York, 419 U.S. 1122, 95 S.Ct. 806, 42 L.Ed.2d 822 (1975). Therefore, petitioner has exhausted his state court remedies. Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); 28 U.S.C. § 2254.

Respondent opposes the petition, contending that Judge Burchell's representation to petitioner at the time of his guilty pleas was conditional based upon the "representations made by the prosecution and defense counsel, as well as the facts known to [Judge Burchell at the time of the pleas]," and was appropriately withdrawn when additional facts were brought to light by the presentence report and as a result of the continuing trial of petitioner's co-defendants. Alternatively, respondent contends that even if Judge Burchell made a commitment upon which petitioner relied when he entered his guilty pleas, Judge Burchell had no obligation to grant petitioner specific performance because, first, such an unconditional commitment is contrary to State Law and, second, a trial judge has discretion

either to fulfill the commitment or permit the petitioner to withdraw his guilty pleas, as Judge Burchell did.

The Court notes in passing that neither party filed briefs in this proceeding, relying instead upon copies of the petition for a writ of certiorari and respondent's brief in opposition filed in the Supreme Court.

*Discussion*

Petitioner's contentions that Judge Burchell made him an unconditional promise that no prison term would be imposed and that therefore he is entitled to specific performance of that promise must be rejected.

At the very least, when a guilty plea is found to be invalid because it is based upon a broken prosecutorial promise or upon defendant's other objectively reasonable mistaken belief, state courts have been given the discretion to determine the appropriate remedy, that is, restitution of the not guilty pleas or specific performance of the promise relied upon. *See, e.g.,* Santobello v. New York, 404 U.S. 257, 262–63, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); Mosher v. LaVallee, 351 F.Supp. 1101, 1111–12 (S.D. N.Y.1972), aff'd, 491 F.2d 1346 (2d Cir. 1974), cert. denied, 416 U.S. 906, 94 S. Ct. 1611, 40 L.Ed.2d 111 (1974).

 Petitioner's argument that he is entitled to specific performance because the alternative of reinstating his not guilty pleas would be inadequate to place him in the status quo ante is also without merit. Petitioner contends that he is entitled to specific performance because, after entering the guilty pleas, he was severed from the on-going trial of his co-defendants and made admissions to the probation department and prosecutors. Petitioner has no constitutional right to a trial with co-defendants; indeed, in a multi-defendant trial, each defendant is entitled to have the jury consider his case separately and to be given the same consideration he would recieve had he been tried alone. In withdrawing his guilty pleas, petitioner's privi-

lege against compulsory self-incrimination can be protected by suppression of any admissions and by treating his statements given to the probation department or to the prosecutors as if they were given under a grant of use immunity. [2]

■ However, the real issue is whether Judge Burchell, finding that he could not comply with his earlier representation that he would not incarcerate petitioner, should have vacated the guilty pleas entered at the time of that representation. The Court concludes that principles of fairness and due process require that he vacate the guilty pleas *sua sponte,* thereby permitting the petitioner to weigh his alternatives of going to trial on all the charges or entering guilty pleas anew without coercion or fear of offending the Court.

This approach was adopted by Judge Weinfeld in United States ex rel. Elksnis is v. Gilligan, 256 F.Supp. 244, 249 (S. D.N.Y.1966):

> "Fundamental fairness, as a concept of due process of law, requires when an accused has entered a plea of guilty based upon a promise by a judge who thereafter, whatever the reason, fails to adhere to his promise, that the judge, on his own motion, reinstate the not guilty plea and reinvest the defendant with the fundamental rights accorded him under our accusatory system of justice. Of course, an accused so restored to his original position may well decide to plead guilty again, but this must be a matter of his own free will and reasoned choice." (Footnotes omitted.)

Judge Weinfeld later added:

> "This court is of the view that any assumption which may have grounded

the judge's promise is irrelevant on the issue of his duty to have vacated the guilty plea when he no longer deemed himsel bound . . ." *Id.* 256 F.Supp. at 250.

*See* United States ex rel. Fink v. Rundle, 293 F.Supp. 1124, 1125 (E.D.Pa.1968).

■ The record indicates that petitioner's guilty pleas resulted from substantial negotiations between the prosecutors and defense counsel, in which petitioner knew Judge Burchell also had participated. This Court finds that at the time of the guilty pleas, the totality of circumstances, evaluated by objective standards, led petitioner reasonably to rely upon Judge Burchell's representation that he would not impose a prison term. Therefore, the representation constituted a "promise" as the term is used in United States ex rel. Elksnis v. Gilligan, *supra. Cf.* United States ex rel. Curtis v. Zelker, 466 F.2d 1092 (2d Cir. 1972).

■ On the other hand, a judge must impose sentence on the basis of facts known to him at the time of sentence, not merely those known at the time of the plea (*see* N.Y.Crim.Pro.Law § 390.-20(1) (McKinney Supp.1974) (presentence report required prior to sentencing on felony conviction); United States v. Hernandez-Salazar, 471 F.2d 1209 (9th Cir. 1972); Scott v. United States, 135 U.S.App.D.C., 377, 419 F.2d 264, 266 (1969) (Bazelon, C. J.)), so as best to integrate the concerns of fairness and rehabilitation of the defendant with society's interest in safety and enforcement of its laws.

The Court finds that this prophylactic rule is necessary in order to protect defendants from the potential coercion which results from the inequality of

2. Petitioner also contends that the Double Jeopardy Clause requires that his plea be enforced. The Court finds no merit in this

contention. *See, e. g.,* Santobello v. New York, 404 U.S. 257, 263 n.2, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

bargaining power between the judge and the accused. United States ex rel. Elksnis v. Gilligan, *supra*; Scott v. United States, *supra*; United States ex rel. Kenny v. Follette, 410 F.2d 1276, 1280 (2d Cir. 1969) (Waterman, J., concurring). The assistance of counsel in these circumstances "may improve a defendant's bargaining *ability*, but it does not alter the underlying inequality of *power*." Parker v. North Carolina, 397 U.S. 790, 804, 90 S.Ct. 1458, 1477, 25 L.Ed.2d 785 (1970) (Brennan, J., dissenting and concurring) (emphasis in original). Moreover, it is "important not only that a trial be fair in fact, but also that a defendant believe justice has been done." Scott v. United States, *supra*, 419 F.2d at 273.[3]

The papers indicate that petitioner has served at least two and a half years of the indeterminate term of up to five years to which he was sentenced.

■ Since petitioner's pleas were not vacated at the time of his sentence, the petition for a writ of habeas corpus is granted. However, since the state courts reached a different conclusion on the issue here raised, there is substantial ground for difference of opinion. Therefore, the execution of the writ is stayed for 30 days from the date of this order so that respondent may appeal to the Court of Appeals.

The foregoing shall constitute the Court's findings of fact and conclusions of law.

It is so ordered.

---

3. The holding of United States ex rel. Burke v. Mancusi, 331 F.Supp. 1246, 1252 (S.D.N.Y.1971), aff'd, 453 F.2d 563 (2d Cir. 1971), cert. denied, 406 U.S. 925, 92 S.Ct. 1795, 32 L.Ed.2d 126 (1972), wherein defendant's rejection of the court's offer to reinstate his not-guilty pleas constituted a waiver of his constitutional right to trial and privilege against compulsory self-incrimination, is not inconsistent with the result at bar. The judge in *Mancusi* had made no promises to defendant. Rather, defense counsel had mis-interpreted the prosecutor's promises and made inaccurate estimates of the court's sentence. Moreover, the court noted that defense counsel was particularly competent and that the defendant himself had a lengthy criminal record which enabled him to make a "relatively informed decision about his chances for acquittal." *See* McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); United States ex rel. Hill v. Ternullo, 510 F.2d 844 (2 Cir. 1975).