524 F.2d 650
 UNITED STATES of America ex rel. Sheldon SELIKOFF, Petitioner-Appellee,
v.
COMMISSIONER OF CORRECTION OF the STATE OF NEW YORK,
Respondent-Appellant,
and
The People of the State of New York, Intervenor.
 No. 218, Docket 75-2085.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 5, 1975.
Decided Oct. 21, 1975.
 
 Irving Anolik, New York City, for petitioner-appellee.
 Arlene R. Silverman, Asst. Atty. Gen., New York (Louis J. Lefkowitz, Atty. Gen., New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., Burton Herman, Asst. Atty. Gen., on the brief), for respondent-appellant.
 Janet Cunard Brown, Asst. Dist. Atty., Westchester County (Carl A. Vergari, Dist. Atty., Westchester County, White Plains, N. Y., on the brief), for intervenor.
 Before SMITH, HAYS and MESKILL, Circuit Judges.
 HAYS, Circuit Judge:
 
 
 1
 The Commissioner of Correction of the State of New York, respondent, and the State of New York, intervenor, appeal from an order of the United States District Court for the Southern District of New York granting defendant Sheldon Selikoff's petition for a writ of habeas corpus. We reverse the order of the district court.
 
 
 2
 Selikoff was indicted in New York under four separate multicount indictments. Under three indictments Selikoff was charged with various crimes allegedly arising out of a complex real estate swindle. Under the fourth indictment defendant was charged with obscenity and related offenses. Defendant pleaded not guilty to all charges.
 
 
 3
 Shortly after trial commenced on one of the indictments which charged involvement in the real estate swindle, the defendant moved to withdraw his pleas of not guilty. This motion was made after extensive negotiation with the prosecutor and conferences with the trial judge. Under the agreement reached between the prosecutor and the defense, Selikoff pleaded guilty to one count of grand larceny in the second degree in full satisfaction of the three indictments relating to the real estate deal and to one count of obscenity in the second degree in full satisfaction of the fourth indictment.
 
 
 4
 At the time the revised pleas were entered the trial judge, directing his comments to the defendant, said:
 
 
 5
 I have had a number of conferences with your attorney and with representatives of the District Attorney's Office with regard to the cases against you. Based upon the results of the conferences and conversations and the fact and representation made to the court, I indicated to the attorney and I am now indicating to you that in my opinion in the interest of justice that no incarceration of you is required and based upon this plea as to what other sentence I shall impose, I do not know and I make no promises.
 
 
 6
 These comments, Selikoff contends, represent an unconditional promise which must be specifically enforced.
 
 
 7
 After the entry of the guilty pleas, the trial judge presided at the trial of Selikoff's co-defendants. During this trial it became apparent to him that Selikoff's involvement in the real estate swindle was far more extensive than he had earlier believed. Moreover, Selikoff's pre-sentence report indicated that he denied any guilt under any of the indictments under which he was charged. These factors prompted the judge to advise the defendant a week before sentencing that his views of the necessity of incarceration had changed and an opportunity would be afforded for Selikoff to withdraw his guilty pleas. At sentencing the judge noted that the court had earlier been unaware of the extent of Selikoff's participation in the real estate scheme. Upon reconsideration in light of additional information, the court informed the defendant that good conscience and the interests of justice required the court to change its views regarding the need for defendant's incarceration. Selikoff was given an opportunity to withdraw his guilty pleas and reinstate his original pleas of not guilty.
 
 
 8
 Selikoff refused the judge's offer to vacate the guilty pleas. Instead, with the advice of counsel, he chose to affirm those pleas and insisted that he had an absolute right to be sentenced as promised when those pleas were accepted. When Selikoff again affirmed his guilty pleas he was sentenced to a maximum of five years imprisonment on the grand larceny plea and fined on the obscenity plea.
 
 
 9
 Defendant, asserting a right to specific performance, appealed his sentence. The Appellate Division and the New York Court of Appeals affirmed the trial court. People v. Selikoff, 41 A.D.2d 376, 343 N.Y.S.2d 387 (2d Dept. 1973), aff'd, 35 N.Y.2d 227, 360 N.Y.S.2d 623, 318 N.E.2d 784 (1974). The United States Supreme Court denied defendant's petition for a writ of certiorari. Selikoff v. New York, 419 U.S. 1122, 95 S.Ct. 806, 42 L.Ed.2d 822 (1975). A writ of habeas corpus was then sought pursuant to 28 U.S.C. § 2254 on the ground that the trial judge's failure to fulfill his "unconditional promise" denied defendant due process of law.
 
 
 10
 The district court found that the judge's representations at the time the guilty pleas were accepted reasonably led the petitioner to believe that no imprisonment would be imposed. The court, however, did not find that due process mandated fulfillment of the petitioner's expectations and therefore did not order specific performance. Instead, it held that due process required the trial judge to vacate the guilty pleas sua sponte, thereby permitting Selikoff to plead anew. 393 F.Supp. 48 (S.D.N.Y.1975). We disagree.
 
 
 11
 Resolution of criminal cases by agreement between the prosecutor and defendant, and with the concurrence of the court, is "an essential component of the administration of justice." Santobello v. New York, 404 U.S. 257, 260, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). In petitioning the district court for a writ of habeas corpus the defendant did not seek the vacation of his guilty pleas. At all times the defendant has stood by those pleas; the only question presented to the district court was the validity of sentence. While there is no absolute right to have a guilty plea accepted, Santobello, 404 U.S. at 262, 92 S.Ct. 495; North Carolina v. Alford, 400 U.S. 25, 38 n. 11, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), Lynch v. Overholser,369 U.S. 705, 719, 82 S.Ct. 1063, 8 L.Ed.2d 211 (1962), the trial judge's discretion in accepting a guilty plea should not be overturned unless such plea or its acceptance by the court is constitutionally infirm. The defendant claimed no such infirmity as to his pleas; the infirmity alleged in his petition related only to sentence. Even after Selikoff was informed that imprisonment would be a consequence of pleading guilty he voluntarily chose to affirm his guilty pleas. The district court was in error in ordering a sua sponte, vacation of validly entered and validly accepted guilty pleas.[1]
 
 
 12
 The relief the defendant sought before the district court specific performance of the trial judge's sentence representations was predicated on the assertion that those representations constituted an unconditional promise. We reject this contention. The legislature of New York has, by statute, denied trial judges the authority to make any unconditional sentence promises to a defendant convicted of a felony before a pre-sentence investigation has been conducted and the court has received a written report. Specifically, section 390.20(1) of the New York Criminal Procedure Law (McKinney 1971) provides:
 
 
 13
 In any case where a person is convicted of a felony, the court must order a pre-sentence investigation of the defendant and it may not pronounce sentence until it has received a written report of such investigation. (Emphasis added).
 
 
 14
 The trial judge was thus precluded, as a matter of law, from making any unconditional promise to Selikoff at the time his guilty pleas were accepted by the court. In the instant case, moreover, the trial judge specifically noted that his sentence representations were predicated upon "the fact and representation made to the court." Implicitly, then, the court conditioned any promises on the accuracy of the information before it and reserved final determination of sentence until the pre-sentence report was received.
 
 
 15
 Even though the trial judge may not have "unconditionally promised" defendant that there would be no incarceration, defendant alleges reliance on the judge's statements. Those statements failed explicitly to call the defendant's attention to the necessarily tentative status of the sentencing projections. Whether this failure justified defendant's reliance under the objective tests imposed when a defendant seeks to withdraw a guilty plea, Mosher v. LaVallee, 491 F.2d 1346 (2d Cir.), cert. denied, 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111 (1974), United States ex rel. Curtis v. Zelker,466 F.2d 1092 (2d Cir. 1972), cert. denied, 410 U.S. 945, 93 S.Ct. 1405, 35 L.Ed.2d 612 (1973), is immaterial to determination of this appeal. The defendant has already been accorded the relief to which he was entitled since he has been allowed to replead. If the defendant's pleas were in any way induced by reliance on the trial judge's statements, the opportunity to replead fully remedied any due process deprivations stemming from such inducement.
 
 
 16
 The defendant seeks to impose principles of contract upon the plea bargaining process. Such principles, borrowed from the commercial world, are inapposite to the ends of criminal justice. High among those ends are the protection of the public from criminal behavior and the protection of the criminal defendant from indiscriminate punishment. New York seeks to achieve both these ends by requiring the preparation of a pre-sentence report. That report contains an analysis of information "with respect to the circumstances attending the commission of the offense, the defendant's history of delinquency or criminality, and the defendant's social history, employment history, family situation, economic status, education, and personal habits." N.Y. CPL § 390.30(1) (McKinney 1971). It is only after receipt of this information that the trial judge can intelligently fashion the sentence appropriate for the particular individual before him.
 
 
 17
 Justice would be disserved by forcing the State to fulfill Selikoff's expectations by blind application of the contractual remedy of specific performance to plea bargaining. Rather, when a guilty plea is induced by an unfulfilled promise, the particular circumstances must be examined to determine the appropriate remedy. In Santobello, the Supreme Court expressly left it within the discretion of the State court to decide whether the circumstances of a case require that a plea bargain be specifically enforced or require instead that an opportunity to withdraw the plea be granted. Santobello v. New York, 404 U.S. 257, 263, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Here the trial judge determined that justice was best served by the latter course and this determination was affirmed by the highest court of New York. Absent a showing of prejudice, due process does not require the intervention of this court to disturb that discretionary judgment. Mosher v. LaVallee, 491 F.2d 1346 (2d Cir.), cert. denied, 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111 (1974). See ABA Standards, Relating to the Administration of Criminal Justice, Pleas of Guilty § 3.3(b) (1968).
 
 
 18
 The judgment of the district court is reversed.
 
 
 
 [1]
 The authority of a trial judge to vacate a validly accepted guilty plea sua sponte over the objections of the defendant has been denied by several New York cases. See People v. Damsky, 47 A.D.2d 822, 366 N.Y.S.2d 13 (1st Dept. 1975), People v. Griffith, 43 A.D.2d 20, 349 N.Y.S.2d 94 (1st Dept. 1973), Sekaloff v. Hogan, 41 A.D.2d 815, 342 N.Y.S.2d 417 (1st Dept. 1973)