OPINION OF THE COURT
Lewis L. Douglass, J.
The issue to be resolved is how the sentencing Judge should respond to the concerns of the victim.
The defendant was offered what was, without denigrating the importance of the proceeding, but to convey its proper flavor, a routine plea of one year in return for his guilty plea in a Felony Waiver Part (GP I) to the charge of attempted robbery. The probation report contained nothing unusual except that under the "victim impact” portion of the report the department indicated that the victim’s address and phone number were unavailable and thus she was not interviewed.
The District Attorney advised the victim of the promised sentence of one year. She was distressed at the apparent leniency and asked the District Attorney if she could speak to the sentencing Judge. That request was forwarded to the sentencing Judge who agreed that the victim could address the court on the day of sentence.
The victim appeared and gave to the court a firsthand *732 account of what occurred on the night of the robbery. Although that account contained the same factual assertions as are routinely found in computer-generated complaints in that she was "punched and kicked about the face and body,” the description of the attack by the victim gave to the court a different sense of the violence of the attack. That recitation also gave to the court a sense of the long-term consequences of the attack on this particular victim. She described the agony of having to ride in the police car with her attacker, how she was unable to make a long-planned visit to her 82-year-old grandparents, and the fact that because of the nervousness she experienced following the attack her income as a commission salesperson was off by 60%. But most importantly, she conveyed to the court a sense of personal outrage and humiliation.
Although the court in accepting the plea thought of the case as primarily the taking of property with a minimal amount of physical violence, the description by the victim made it clear that the assault continued long after the victim could have prevented the taking of her property.
Based upon the victim’s description of the assault — and specifically being made aware of the victim’s agony, which prompted her to take the extraordinary step of speaking to the sentencing Judge, and considering the impact on the victim’s perception of how Trial Judges would respond to victims’ concerns, this court concluded that the promised one-year sentence was inappropriate and offered to the defendant the maximum sentence which may be imposed on a youthful offender, ltá to 4 years or the right to withdraw his plea and have his not guilty plea reinstated.[1]
It is well established that where information comes to the attention of the sentencing court which was not available at the time of the plea bargain and such information makes the agreed upon sentence inappropriate, the court is not bound by its promise, provided the court gives to the defendant the opportunity to withdraw the plea (People v Selikoff, 35 NY2d 227). The issue here is whether the description and the impact of the crime as described by the victim is new information which would authorize the rejection of the original plea bargain.
*733 Public policy suggests that the criminal justice system not only be open, but that it be perceived as open and fair to all of the participants, the prosecutors, the defendants and the crime victims. No system can be perceived as fair and open if it would prohibit the crime victim from communicating his or her views to the court and would prohibit the sentencing Judge from reacting to those views.
The public policy of recognizing the importance of the views of the crime victim was recognized in the 1982 amendment to the Criminal Procedure Law which requires that the presentence report "contain an analysis of the victim’s version of the offense [and] the extent of injury or economic loss or damage” to the victim (CPL 390.30 [3]).[2]
Judge Bellacosa clearly identified the legislative intent when writing the McKinney’s Practice Commentary (McKinney’s Cons Laws of NY, Book 11A, CPL 390.30, pp 199-200) to the amendment he stated that the amendment would "serve * * * to heighten sensitivity and focus with respect to the too often forgotten victims of crimes”. The public policy is again recognized in Executive Law § 640 wherein the Commissioner of the Division of Criminal Justice Services is directed by the Legislature to promulgate standards of fair treatment for crime victims. One of the objectives of those standards is to keep the victim apprised of the steps in the proceedings. The clear purpose of keeping the victim apprised is to permit the victim to express his or her views about the decisions being made since it would be pointless to keep the victim informed if no one was to listen or react to what the victim has to say.
As the Second Department noted when it first decided in People v Selikoff (41 AD2d 376, 379) which was later affirmed by the Court of Appeals in Selikoff (supra) all sentences are contingent on presentence reports and since the Legislature has directed that such reports include a victim impact statement it follows that such information when learned subsequent to the plea bargain is the type of new information which the sentencing Judge might rely on in abandoning his original sentence promise.
In this particular case, moreover, it is to be noted that no victim impact statement was included in the presentence report since the Probation Department claimed that it did not *734 have the victim’s address or phone number. Surely, the failure to have that information can be remedied by having the victim address the court directly.
Accordingly, I conclude that the victim’s description of the crime is new information which makes it inappropriate to impose the originally promised sentence.

. Although the court was not required to treat this defendant as a "youthful offender” I concluded that even with the victim’s description of the crime "youthful offender” status is nevertheless appropriate, rather than to permanently encumber this 17 year old with a felony conviction.

. That policy was further reinforced in the 1985 session of the Legislature in chapter 14 of that session’s laws by amendment to CPL 390.30 further expanding victims’ rights effective Nov. 1, 1985.