972 F.2d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James A. BALLARD, Petitioner-Appellant,
v.
Dave PASKETT and the Attorney General of the State of Idaho,
Respondents-Appellees.
 No. 90-35794.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 21, 1992.*
Decided Aug. 26, 1992.
 
 Before EUGENE A. WRIGHT, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Habeas corpus. Once Ballard jumped bond, Idaho was no longer bound to recommend a ten-year sentence. After a careful review of the record, including the transcript of the plea hearing, we agree with the Idaho Supreme Court that Ballard's breach freed Idaho from its obligation to recommend a specific sentence.
 
 
 3
 Ballard relies heavily on a recent Second Circuit decision, Innes v. Dalsheim, 864 F.2d 974 (2d Cir.1988), cert. denied, 493 U.S. 809 (1989). The Second Circuit, however, has expressly rejected the contract analogy this court applies in evaluating plea agreements. Compare United States ex rel. Selikoff v. Commissioner of Correction, 524 F.2d 650, 654 (2d Cir.1975), cert. denied, 425 U.S. 951 (1976) with United States v. Partida-Parra, 859 F.2d 629, 633 (9th Cir.1988).
 
 
 4
 Because Idaho did no more than what it was authorized to do under the terms of the agreement, we find no error in the court's refusal to allow Ballard to withdraw his guilty plea.
 
 
 5
 Nor is Ballard entitled to an evidentiary hearing to develop a factual record to support his claim that his guilty plea was involuntary. He waived this issue by failing to raise it earlier, and has not shown cause for and prejudice stemming from his default as required by Wainwright v. Sykes, 433 U.S. 72, 87 (1977).
 
 
 6
 Assuming that Ballard could establish that his appellate counsel's ineffectiveness prevented him from raising this claim, he still has not met his burden of showing prejudice. To establish prejudice, a petitioner must "shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original). The burden is substantial: it is even greater than that required to establish plain error on direct appeal. Engle v. Isaac, 456 U.S. 107, 134-35 (1982).
 
 
 7
 Both at his initial plea hearing and later at his sentencing hearing Ballard clearly and unequivocally testified that he had voluntarily entered the agreement because he viewed it as a "good, fair plea bargain". Ballard repeatedly assured the court that he had been treated fairly, both by the prosecutor's office and by the Public Defender.
 
 
 8
 The court did not err when it refused his request for an evidentiary hearing. Even if Ballard could have developed facts to support his theory of cause for his default, the facts underlying his claim of involuntariness are not in dispute. These facts fall far short of those needed to show prejudice.
 
 
 9
 Ballard insists that he should not have to show cause and prejudice because he falls within the "actual innocence" exception. Our review of the record leads us to conclude otherwise.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3